SAMUEL P. GOODALE, Respondent, v. CHARLES O. WEST, Appellant.

Where a paper is introduced as evidence of payment, and no objection is made at the trial at *nisi prius* to its sufficiency to prove the payment, the want of such objection is equivalent to an admission of its sufficiency.

Courts will not permit a party to give an apparent acquiescence in the admission of evidence, which will operate to mislead or entrap his adversary.

An objection to the sufficiency of evidence should be made at the time the same is offered to be introduced, so that a party may have the opportunity of supplying the necessary evidence.

A refusal in writing to execute a conveyance is evidence proving a demand of such conveyance.

In an action for specific performance against a vendor who refused to make a title, it is not necessary that a deed should be tendered him for his execution.

But in such an action, tender of the unpaid purchase money must be proved as it is of the essence of the contract.

To entitle a party to a specific performance he must have performed, on his part, every essential of the agreement.

APPEAL from the Superior Court of San Francisco.

Bill in equity to compel the defendant to execute certain deeds to property in San Francisco. The bill alleges that on the 18th day of February, 1853, the defendant executed and delivered to one Calvin Slade the following instrument of writing :

"I have this day sold to Calvin Slade my two lots situated as follows: Fifty vara lot No. 435; also fifty vara lot No. 664, and part of lot No. 617, being one hundred and sixty feet on Green street, for twenty-eight hundred and fifty dollars, payable within thirty days, or upon delivery of the deeds if delivered before that time.

(Signed)                  CHARLES O. WEST."

That on the 28th day of the same month Slade paid to the defendant the sum of fifteen hundred dollars on account, and took a receipt therefor, and on the 23d of March following, the day appointed in the above contract of sale, Slade was ready and willing, and offered to pay

the balance due, but did not tender the money; and demanded from the defendant a conveyance of the land, which the defendant refused, in writing, to comply with; and that on the 6th day of April, Slade assigned to the plaintiff all his right of action against the defendant.

At the trial, the plaintiff, in order to show that a payment had been made to the defendant by the plaintiff's assignor, offered in evidence the following receipt :

"Received of Slade & Co. fifteen hundred dollars on account sale of land.                          CHARLES O, WEST,

Per PETER FROTHINGHAM."

No objection was made by the defendant to this method of proving the payment.

The contract of sale and the assignment to plaintiff was proved, and the written refusal of the defendant to execute the conveyances to Slade.

The Court entered a decree in favor of the plaintiff.    Defendant appealed.

*Sutherland & Stebbins*, for Appellant,

Objected to the decree of the Court below, because,

1. No evidence was introduced to show that the money which is acknowledged by the receipt to have been received, was ever paid to the defendant.

2. The demand for a conveyance is not sufficiently explicit.    The plaintiff must tender a deed for signature, before he can pray for a specific performance.

3. The contract is void for uncertainty.    Raymond *v.* Longworth, 14 How., 76.    Germain *v.* Machin, 6 Paige, 288.    Worthington *v.* Hylyer, 4 Mass., 196.    Jackson *v.* Rosevelt, Johns., 40.

4. The plaintiff cannot maintain this action without showing a tender of the balance of the purchase money.    Connelly *v.* Pierce, 7 Wend., 129.    Hackett *v.* Huson, 3 Ib., 249.    Fuller *v.* Hubbard, 6 Cow., 13.    Hudson *v.* Swift, 20 Johns., 27.    Colson *v.* Thompson, 2 Wheat., 336.

*Brooks & McCrackan*, for Respondent.

No brief on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The material objections to the recovery in this case will be separately considered.

1. The paper introduced to show a payment to defendant by the plaintiff's assignor would have been insufficient alone, if it had been objected to on the trial, but the want of such objection is equivalent to an admission of its sufficiency. Courts will not permit a party to give an apparent acquiescence which will operate to mislead and entrap his adversary. If the objection had been made in proper time, the legal presumption is, that the plaintiff would have supplied the necessary evidence, at least he would have had the opportunity of doing so.

2d. The want of evidence of a demand of a conveyance seems to be unsupported. The record discloses a refusal in writing on the part of the defendant, which was not objected to, and this must pre-suppose a demand made. It is urged, that to make the demand complete a deed should have been tendered to the defendant for his execution. This would be necessary in a common law action upon a bond or agreement to make titles. But in equity, for specific performance, such a technical requisition will not be considered indispensable, especially where the party refuses to make title, and at the same time gives the reason for his refusal, which is other than that of requiring a deed to sign.

3. The same reasoning, however, cannot be applied to the objection that no tender is proved to have been made of the purchase money remaining due. This is of the essence of the contract, and there is nothing technical about it. To entitle the party to obtain a specific performance he must have performed on his part every essential of the agreement. It is not sufficient to meet this objection, to say that the defendant assigned a totally different reason for his refusal. He may have done so, and yet the substantial reason may exist, and he is entitled to the benefit of it. It behooved the plaintiff to show himself not in fault, by proving each point necessary to establish the merits of his complaint. Without this he must fail, and especially where his case belongs to a class to which Courts of Equity always give the nicest consideration, and are chary of granting relief.

Upon this last ground the decree is reversed, and the cause remanded.