[No. 10,765—In Bank.]
October 11, 1882.

## THE PEOPLE v. FRANK H. ROLFE.

ROBBERY—STRIKING OUT EVIDENCE—OBJECTION TO EVIDENCE.—The Court below denied defendant's motion to strike out the evidence of certain witnesses for the prosecution, to which no objection had been made. *Held:* That in such a case a motion to strike out should not be allowed.

ID.—ID.—ID.—The practice, whether in civil or criminal cases, of deliberately permitting evidence to be given without objection in the first instance,

and then moving to strike it out on grounds which might readily have been availed of to exclude it when offered, is not to be tolerated.

ID.—COMPETENCY OF EVIDENCE.—CIRCUMSTANTIAL EVIDENCE.—The evidence referred to consisted of circumstances more or less direct, tending to connect the defendant with the perpetration of the robbery with which he was charged, and to establish his guilt—as, for instance, that he was seen at different places not far distant from the robbery and on days not remote from the day on which the crime was committed; that he was seen in company with Hamilton, an accomplice, who was used as a witness on behalf of the State; that they were armed, one with a rifle and a pistol and the other with a shotgun; that they had the same dog with them; that they stopped at certain houses, procured meals there, and walked off in certain directions; that they made various inquiries, and otherwise conducted themselves in a suspicious manner.

*Held:* These were all circumstances in the case, which were properly submitted to the jury, and should have been admitted, even if regularly objected to by the defendant at the proper time.

ID.—IDENTITY—BELIEF.—The witnesses expressed the belief that the defendant was the person they had seen, but did not positively and beyond a doubt identify him.

*Held:* The evidence was sufficiently certain, respecting the identity of the defendant, to go to the jury, and it was for the jury to say what weight it was entitled to.

ID.—ID.—IDENTITY OF NAME—IMPEACHMENT OF WITNESS—RECORD OF FORMER CONVICTION.—For the purpose of impeaching the defendant, who had testified as a witness in his own behalf, there was read in evidence, over the objection of the defendant, the record of conviction of one Frank Rollins of the crime of assault with intent to kill, and a witness testified, that while he was an officer at the State Prison at San Quentin the defendant was an inmate of the prison, and was known by the name of Frank Rollins among the officers, as well as upon the records of that institution.

*Held:* The evidence was sufficient to establish the identity of the defendant with the said Frank Rollins.

ID.—Identity of person is presumed from identity of name.

ID.—IMPEACHMENT OF WITNESS—UNCONTRADICTED EVIDENCE—QUERY. The defendant was asked, over the objections of his attorneys: "Were you convicted of an assault with intent to kill, in San Mateo County? If so, when?"

*Held:* It is not necessary to decide whether the question was a proper one or not. It is sufficient that the fact of the former conviction of the defendant was proved by a certified copy of the record, as well as by the evidence of a witness, and there was no evidence to the contrary. But on this point see *People* v. *Chin Mook Sow*, 51 Cal. 600.

ID.—TESTIMONY OF ACCOMPLICE—CORROBORATION.—There was sufficient evidence in corroboration of the testimony of the accomplice to justify a conviction.

APPEAL from a judgment of conviction and from an order denying a new trial, in the Superior Court of Tuolumne. ROONEY, J.

*Dorsey & Nichol,* for Appellant.

*A. L. Hart,* Attorney General, for Respondent.

Morrison, C. J.:

The defendant was convicted in the Superior Court of Tuolumne county of the crime of robbery, charged to have been perpetrated on the third day of February, 1882. The evidence shows that a stage driven by one Dennis Shine was stopped near a point called Mountain Pass in said county, by two highwaymen wearing masks, and was robbed of several hundred dollars in gold and silver coin, the same then and there being the property of Wells, Fargo & Co. On the trial of the case numerous exceptions to the rulings of the Court were taken by the defendant, all of which are now presented to this Court for review, and we will examine them in the order of their presentation.

1. It is claimed that the Court erred in denying defendant's motion to strike out the evidence of the witnesses Collins, Fields and others. It is a sufficient answer to this point, that all of the evidence which the Court refused to strike out came in without objection or exception; and this Court has several times held, that in such a case, a motion to strike out should not be allowed. The rule has been laid down in both civil and criminal cases. *Goodale* v. *West,* 5 Cal. 339, is an early civil case to that effect, and *People* v. *Long,* 43 id. 444, is a late criminal case announcing the same rule. Wallace, C. J., there says: "The practice, whether in civil or criminal cases, of deliberately permitting evidence to be given without objection in the first instance, and then moving to strike it out on grounds which might readily have been availed of to exclude it when offered, is not to be tolerated." A party is not permitted to remain silent when evidence is offered, with the privilege of accepting it if favorable and afterwards moving to strike it out if it is against him, but he must exercise his right of objection at a proper and reasonable time.

We have stated the rule as it has been laid down in this State, but it is proper for us to remark that the evidence was competent to prove the issues in the case. It all consisted of circumstances more or less direct, tending to connect the de-

fendant with the perpetration of the robbery, and to establish his guilt. Evidence that he was seen at different places, not far distant from the robbery, and on days not remote from the day on which the crime was committed; that he was seen in company with Hampton, the accomplice, who was used as a witness on behalf of the State; that they were armed, one with a rifle and pistol and the other with a shotgun; that they had the same dog with them; that they stopped at certain houses, procured meals there, and walked off in certain directions; that they made various inquiries, and otherwise conducted themselves in a suspicious manner, were all circumstances in the case, which were properly submitted to the jury, and the evidence respecting them should have been admitted by the Court, even if regularly objected to by the defendant at the proper time.

The objection that the witnesses did not positively and beyond a doubt identify the defendant, can not be sustained. They expressed *the belief* that he was the person they had seen, and although their evidence was given with great caution, it was sufficiently certain respecting the identity of the defendant to go to the jury, and it was for the jury to say what weight it was entitled to.

2. What we have said above is sufficient to dispose of the other points made in the brief filed on behalf of the defendant, down to the objection that the Court erred in admitting the certified copy of a prior conviction of the defendant, of the crime of assault with intent to kill, in the late County Court of San Mateo County. It is claimed, that there was not sufficient evidence to show that the defendant, Frank H. Rolfe, was the same party convicted in San Mateo County, under the name of "Frank Rollins;" but we think that the evidence very clearly shows that he was. The witness Charles Aull testified that he was an officer in the State Prison at San Quentin from the year 1877 to the latter part of 1881, that during the whole of that period the defendant was an inmate of the prison, and was known by the name of Frank Rollins among the officers, as well as upon the records of that institution. Identity of person is presumed from identity of name. (C. C. P., § 1963.) There were other circumstances in the case which tended to establish the fact that

Frank H. Rolfe was the same person convicted in the County Court of San Mateo County under the name of Frank Rollins; but what we have already said on this point is sufficient.

3. Objection is made that the Court erred in allowing the following question: " Were you convicted of an assault with intent to kill in San Mateo County; if so, when?" It is unnecessary to decide whether the above question was a proper one or not. The defendant became a witness on his own behalf, and the Court allowed the question for the purpose of impeaching his credibility as a witness in the case. But it is sufficient for us to say, that the fact that he was convicted in the County Court of San Mateo county of an assault with intent to kill, was proved by a certified copy of the record, as well as by the evidence of the witness Aull, referred to above in this opinion, and there was no evidence to the contrary. (But on this point, see *People v. Chin Mook Sow,* 51 Cal. 600.) If, therefore, the Court erred in admitting the question objected to, it was an error which in no manner prejudiced the defendant, and is not ground of reversal, as has been held by this Court in numerous cases.

In our opinion, there was sufficient evidence in corroboration of the testimony of the accomplice to justify a conviction, and the Court properly denied the defendant's motion for a new trial.

Judgment and order affirmed.

THORNTON, SHARPSTEIN, and MYRICK, JJ., concurred.

ROSS, McKINSTRY, and McKEE, JJ., concurred in the judgment.