THE STATE v. POWERS, *Appellant.*

Division Two, November 19, 1895.

1. **Criminal Practice:** BURGLARY: EVIDENCE. On a trial for burglary a witness who saw two men leaving the burglarized premises shortly after the offense was committed may, after describing them, give an opinion that one resembled defendant.

2. ——: ARREST: HEARSAY EVIDENCE. One can not testify as to his knowledge of the arrest of persons for an offense where his information is only hearsay.

3. ———: BURGLARY: EVIDENCE: ALIBI. Where the burglary for which defendant was on trial was shown to have been committed at about 2:30 P. M., evidence that defendant was at a different place from 8 P. M., till the next morning was irrelevant.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *C. O. Bishop* for the state.

(1) The indictment is in all respects sufficient as to the burglary of which appellant was convicted. The instructions fully covered the law of the case, and are in all respects correct. There is no error apparent in the record. (2) The testimony of Mrs. Brooks was admissible and competent, its value to be determined by the jury. *State v. Babb*, 76 Mo. 501; *State v. Dickson*, 78 Mo. 438; *State v. Hopkirk*, 84 Mo. 278. (3) The question asked of witness Rehn: "Now, don't you know that several other persons were arrested that evening before Powers, as the other man, besides O'Hearn?" was properly objected to, and the objection properly sustained. The fact that other persons were arrested as answering a description of appellant was wholly irrelevant and immaterial, especially as it appears that no such persons were arrested by this witness, nor upon any description or suggestion given by him. (4) The testimony offered by appellant that he was at home from 8:30 that evening until the next morning was wholly irrelevant; the uncontradicted testimony in the case showed that the burglary was committed between 2 and 3 o'clock in the afternoon. (5) There is nothing in the point that appellant was not convicted of the larceny as well as the burglary; they are separate and distinct offenses, though permitted by

the law to be joined in the same indictment.    *State v. Kelsoe*, 76 Mo. 505.

GANTT, P. J.—Defendant was jointly indicted with one O'Hearn, in the St. Louis criminal court, for burglary in the second degree. A severance was granted and defendant on a separate trial was convicted.

The indictment was entirely sufficient. There is no error in the record proper. The evidence tended very strongly to identify defendant and O'Hearn as the perpetrators of a burglary into the dwelling house of T. A. Morgan, number 1075 Selby Place, in the city of St. Louis.

The testimony on the part of the state tended to show as follows: Mr. and Mrs. T. A. Morgan resided in a dwelling house, number 1075 Selby Place, in the city of St. Louis, on March 22, 1893, with a colored domestic and two single gentlemen lodged in the house, which fronted upon a public square, called Carr Park. On the afternoon of that day, after carefully securing the house, Mr. and Mrs. Morgan, with the servant, left the house to attend the funeral of Mr. Morgan's brother, and returned about 5 o'clock. In the meantime the front basement door, under a front stoop or flight of steps, was forced open, the house entered, and Mrs. Morgan's bedroom, on the first floor, thoroughly ransacked, and there were taken away a revolver and diamonds of the value of $1,500, which had been left in a small satchel hung under some feminine apparel in a closet. One window of the bedroom was open (which had been left closed). This window looked out upon the back yard and was some eight or nine feet above the ground. A flower-box stood on the window ledge, and in the earth of this box was a footprint, and some flowerpots were overturned.

There was no issue raised as to the property taken, nor as to its value or ownership.

There were several houses in the row, each with a back yard, and these yards were separated by high board fences. Some of the palings of Morgan's north fence, near the outer back stairs, were found broken off.

Mrs. Brooks, who lived across the alley in the rear, heard a crash about 2:30 o'clock in the direction of Morgan's house, and saw the window open and two men on the ground underneath upon their hands and knees; they arose immediately, got over Morgan's north fence into the adjoining yard, scaled two other fences, and disappeared. One of the men was heavier than the other, slower in his movements, and had some difficulty getting over the fence. She said she could not positively identify the appellant as that man, but was permitted, after describing the man, over the objection of appellant, to state that "the party she saw looked like the defendant."

Anna Ricks, who also lived across the alley, opposite Morgan's, was ironing at her open window, when her attention was attracted by the barking of Morgan's dogs in his back yard. She saw two men leap from the window into the yard, run part of the way up the back stairway, and climb the fence in succession. One of the men broke a paling off the fence, partly lost his hold, and hung on longer than the other; thus she had a good view of him, and positively identified the appellant as that man.

The keeper of the public square, who had known appellant some thirteen years and frequently saw him, and also knew O'Hearn, testified that he was engaged in fixing a tree box on the square, about sixty feet from Morgan's house; that he saw some female at Morgan's front door, apparently ringing the door bell, and just afterward saw appellant and O'Hearn come running

out upon the street from a yard three doors north of Morgan's, O'Hearn in the lead, and turn around the corner. He had seen the two men together about an hour or an hour and a half before, standing on the pavement in that same block.

The stolen property was never recovered.

On the part of the appellant there was testimony from members of his family and others that he was elsewhere at the time of the burglary; also two women testified that they saw one man running away, scaling fences, and that they did not think appellant was the man. One of the women was very near-sighted; could not distinguish the appellant from the witness stand in court; and admitted that she did not see the face of the man running away; nor did the other woman see the party's face. The appellant did not testify, nor did his codefendant.

The court instructed as to burglary in the second degree, larceny in connection with a burglary, or larceny alone, *alibi*, credibility of witnesses, and reasonable doubt.

In support of his motion for new trial, appellant filed the affidavits of two women, to the effect that the general reputation of Anna Ricks (the state's witness) for truth and veracity was bad. The defendant has filed no brief in this court.

I.   The instructions were correct and fully covered every material phase of the case.

II.   It was competent for Mrs. Brooks to describe the men she saw running from Mr. Morgan's house about the time of the burglary, and to give her opinion of the resemblance of defendant to one of them. She was subject to cross-examination as to her means of knowledge, and the weight of her evidence was for the jury. *State v. Hopkirk*, 84 Mo. 278.

III.   There was no error in excluding the question to the witness Rehn as to his knowledge of the arrest of other parties for this burglary.   It nowhere appeared that this park keeper had arrested other parties for this crime, or had given information upon which they were arrested.   Hence it was entirely immaterial what he knew of such arrests.

IV.   Neither was the evidence offered by the defendant to show that he was at home from 8:30 o'clock that night until the next morning at all relevant.   The uncontradicted evidence was that the house was burglarized between 2 and 3 o'clock in the afternoon.

V.   There was no error in overruling the motion for new trial based upon affidavits to impeach the evidence of Anna Ricks.

Upon a review of the whole we find no ground for disturbing the judgment.   The judgment is affirmed. SHERWOOD and BURGESS, JJ., concur.