## CRAIG v. THE STATE OF INDIANA.

[No. 21,300. Filed December 8, 1908.]

1. EVIDENCE.—*Possession of Money.—Robbery.*—Evidence that defendant, who was indicted for assault and battery with intent to rob, had from $200 to $300 in his house at the time of the commission of the offense, is not admissible to show a lack of motive on defendant's part. p. 318.

2. ROBBERY.—*Assault and Battery with Intent.—Evidence.—Sufficiency.*—Evidence showing that the prosecuting witness, to defendant's knowledge, collected from $200 to $300 on Thursday evenings, that on a Thursday evening he left his office at 9 o'clock, that about 9:10 he was assaulted by a person whom he believed to be the defendant, that another witness saw a man waiting in the alley near by whom he believed to be the defendant, that defendant theretofore asked another witness to join with him in securing some money "dead easy," that afterward defendant said to such witness "Don't give me away," together with other corroborative evidence, sustains a verdict of guilty of assault and battery with intent to rob. p. 319.

3. APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting evidence. p. 322.

4. EVIDENCE. — *Circumstantial.— Identity.— Criminal Law.*— The identity of a criminal may be established by direct or circumstantial evidence. p. 322.

5. SAME.—*Opinion.—Identity.*—A witness may testify as to his opinion of the identity of the accused with the person committing the offense in question, but he may be cross-examined as to his means of knowledge, and the weight to be given to such testimony is for the jury, or the court trying the cause. p. 323.

6. EVIDENCE.—*Reasonable Doubt.—Identity.—Trial.*—It is incumbent upon the state to prove beyond a reasonable doubt that defendant was the person who committed· the offense charged. p. 323.

From Pike Circuit Court; *Richard M. Milburn,* Special Judge.

Prosecution by The State of Indiana against Elisha Craig. From a judgment of conviction, defendant appeals. *Affirmed.*

*Wilson & Brumfield,* for appellant.

*James Bingham,* Attorney-General, *Alexander G. Cavins, Edward M. White* and *William H. Thompson,* for the State.

JORDAN, C. J.—The State prosecuted appellant upon the charge of having committed an assault and battery upon John Hammond with the intent to commit the crime of robbery. Trial by jury; verdict returned, finding him guilty as charged in the affidavit, and also finding that he was forty-five years of age. Over his motion for a new trial, he was sentenced by the court to imprisonment in the Indiana state prison for a term of from two to fourteen years and to pay a fine of $25. From this judgment he appeals, and assigns error in overruling his motion for a new trial. ·

At the trial Serelda Craig, the wife of defendant, was called as a witness in his behalf. She was asked by counsel the following question: "Was there any money about your house [meaning the home of appellant] at that time [meaning the night on which the assault was made]?" She answered: "Yes." To this question the State objected, and thereupon defendant's counsel offered to show that the witness was the wife of the defendant; that on the night of the assault in question, and for a long time prior thereto, there had been in the house ·of the defendant from $200 to $300 in money; that he knew that this money was there at the time the assault was committed. To this offer to prove the court sustained the objections of the State, to which defendant excepted. His counsel insist

that the court erred in denying him the right to prove the facts which he offered to prove by the witness relative to the money, as stated in the offer. The record does not disclose to whom the money, which was about the house, belonged. The contention, however, is advanced by appellant's counsel that it would be unreasonable to assert that appellant assaulted Hammond, the prosecuting witness, for the purpose of robbing him of his money, when he could have gone to his own home and obtained money which was in his house. Or, in other words, they argue that the evidence offered was competent to rebut any inference that might be drawn that appellant was attempting to rob Hammond of his money. It is certainly manifest that the evidence in dispute was wholly incompetent for the purpose for which it was offered. In fact, so far as the record discloses, it was not legitimate evidence in the case in behalf of appellant for any purpose.

The next and final contention of appellant's counsel is that the verdict is not sustained by the evidence. Appellant positively denied that he was guilty of the crime charged against him. The evidence given by him, and also that of his wife, is contradictory and in conflict with that which was given by witnesses who testified in behalf of the State. To an extent the evidence against the accused is circumstantial. That which is most favorable to the State may be said to establish the following facts: On February 6, 1908, and prior thereto, appellant and his wife resided in the rear end of a one-story building situated on the corner of Ninth and Main streets, in the town of Petersburg, Pike county, Indiana. The front part of this building was occupied by appellant as a barber shop. John Hammond, the prosecuting witness, a man sixty-two years old, occupied as an office the room adjoining appellant's barber shop. In this office he transacted the business of a fire and life insurance agent, and also was the secretary of, and collector for, two building and loan associations. He collected

the dues from the members of the two associations. These dues were generally paid to him at his office on Thursday night of each week, between the hours of 7 and 9 o'clock. On Thursday evening, February 6, 1908, after having completed his business, he closed his office at 9 o'clock, and left for his home, about four blocks distant. There was some moonlight at that time. When he left his office he had about his person checks and money to the amount of $200, which he had collected that night. Upon leaving his office he passed the barber shop of appellant. The latter was not in the shop at the time. When Hammond had reached an alley crossing near his own home he heard some one approaching from the rear, and upon turning to see who the person was he was confronted by a large man, who immediately assaulted him with a large piece of rubber hose, striking him over the head with it. He testified at the trial that he thought at the time that his assailant was "Lish Craig," the defendant. He had seen Craig on the same evening, about 6 o'clock, and he was wearing a soft, slouched hat. This hat corresponded with the one worn by the person who made the assault. During the assault Hammond grabbed his assailant, who continued to strike him during the struggle which took place between them. The blows which he received cut a hole through his hat and lacerated his head. He bled freely from the wounds which he received upon the head, and was so injured that his head was in a bad condition for about three weeks. Hammond testified at the trial that when he grabbed his assailant he hallooed as loud as he could; that during the struggle his assailant broke loose and ran away, failing to get any of the money which he had about his person. A man who was a witness at the trial testified that, as he was passing down the street on the side opposite to the place where the assault was committed, his attention was attracted by the outcry of some person, and thereupon he crossed over the street and found Hammond standing at his own gate, bleeding freely from

wounds received about the head. Before the witness arrived where Hammond was standing, the assailant had made his escape, and was not recognized by the witness. The assault, as shown by the evidence, took place about 9:10 o'clock, at the place heretofore mentioned, in Petersburg, Pike county, Indiana. Prior to its commission, appellant frequently came into Hammond's office and would say to him: "You are getting considerable money. How much have you collected to-day?" No one but appellant ever inquired of Hammond in regard to the amount of money he was collecting. A witness for the State testified that he saw appellant in the afternoon of the day on which the assault was committed, and he was wearing a soft hat. On said evening, about 8 o'clock, this witness saw a man near the mouth of the alley back of Fleming's stable who he thought was appellant. This was the same alley where the assault was committed. Appellant and John T. Burton had formerly served prison sentences together in the state prison. Burton testified at the trial that some three or four days before the assault appellant came to him in Petersburg and said: "How would you like to get some money? I know where we can get it dead easy." Burton, in reply, said: "I would rather die in the street than do anything like that." Appellant then said to him: "Don't give me away, or don't say anything about it." The day appellant was arrested on the charge in question Burton was passing a tin shop in which Craig was at the time. He called to Burton and they both went back to a coal shed and had a talk. Craig there requested Burton to say that the conversation which they had, about getting the money, was not at Petersburg, but at Bridgeport. There was also evidence given in regard to appellant's conduct and manner the day after the assault, tending to show his guilt. On the day following the commission of the offense he claimed that he had gone to bed at 8 o'clock on the previous night. There

was evidence on the trial, however, to show that on the night of the assault he was seen in his shop as late as 10 o'clock. In the afternoon of the day following the assault he changed the soft hat which he usually wore and put on a stiff hat. He mutilated his old one by cutting off the brim. Other circumstances, disclosed by the evidence, tending to point to his guilt, might be stated, but we deem this unnecessary. The evidence fully sustains the verdict. The weight and credit to be given to it was a matter wholly within the province of the jury.

The settled rule in this jurisdiction is that in a case in which there is, as in this, evidence to support the judgment of the lower court upon every material point, it will

3. not be disturbed on appeal upon the question of the weight thereof, or, in other words, the judgment will not be reversed on the ground alone that the evidence in the case may appear to be weak or unsatisfactory. *Lee* v. *State* (1901), 156 Ind. 541; *Deal* v. *State* (1895), 140 Ind. 354; *Shular* v. *State* (1903), 160 Ind. 300; *Larkin* v. *State* (1904), 163 Ind. 375; *Williams* v. *State* (1905), 165 Ind. 472, 2 L. R. A. (N. S.) 248.

In this appeal there is no controversy in regard to the commission of the offense. The material question over which there may be said to be any room for controversy

4. under the evidence is in respect to the identity of the person perpetrating the assault. Counsel argue that no witness positively identified appellant as the man who committed the crime. In addition, however, to the circumstances pointing to appellant as the perpetrator of the offense, Hammond, the prosecuting witness, testified, as previously shown, that at the time he was assaulted he thought Craig was the assailant. Parker, another witness, testified that on the night the offense was committed, about an hour prior thereto, he saw a man in the alley near the point where the assault was made. This witness testified that at the time he saw this man in the alley he thought he was

Craig. As a general rule, a wide range is given to evidence upon the question of the identity of the accused person with the guilty party. Generally speaking, the identification of the person charged with the commission of the offense is not required to be established by direct or positive evidence.

5. The witness, upon his examination, may testify that he is of the opinion that the accused is the person who committed the crime. His means of knowledge, however, or the facts upon which he bases his opinion, in respect to the identity of the accused, may be thoroughly tested upon cross-examination. The weight to be given to the testimony of such witness is a matter for the determination of the jury, or the court trying the case. *People* v. *Rolfe* (1882), 61 Cal. 540; *State* v. *Powers* (1895), 130 Mo. 475, 32 S. W. 984; *State* v. *Cushenberry* (1900), 157 Mo. 168, 56 S. W. 737, and authorities cited; 12 Cyc., 392, clause e, and cases cited; Wharton, Crim. Ev. (9th ed.),.§459; Gillett, Indirect and Collat. Ev., §§199, 213.

6. It is not essential, in order to sustain the conviction of appellant, that he should have been identified at the trial, by positive or direct evidence, as the guilty person. It was sufficient if his identification as such person was established by circumstantial evidence which satisfied the jury upon that question beyond a reasonable doubt.

The record presents no error. Judgment affirmed.