# Hollingsworth *v.* The State.

*Violating Prohibition Law.*

(Decided Jan. 16, 1912. Rehearing denied Jan. 30, 1912. 57 South. 501.)

*Intoxicating Liquors; Sales; Identity; Jury Question.*—Where the prosecuting witness testified that to the best of his recollection, the defendant was the one who sold the liquor, but that he had no acquaintance with him, and could not say positively that he was the man, there was sufficient evidence of the identity of the defendant as the guilty agent, to require a submission of that question to the jury.

APPEAL from Anniston City Court.

Heard before Hon. A. H. ALSTON.

Emmett Hollingsworth was convicted of violating the prohibition law, and he appeals. Affirmed.

[Hollingsworth v. The State.]

P. F. WHARTON, for appellant. There was not sufficient evidence of the identity of the accused to authorize a conviction in this case, or a submission of the question of his identity to the jury.—*Green v. The State,* 68 Ala. 514; 14 Wall. 442; 12 Cyc. 594; 6 Enc. P. & P. 678.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence was sufficient to require a submission to the jury.—*Griffin v. The State,* 76 Ala. 29. The court properly denied the affirmative charge.—*Kemp v. The State,* 89 Ala. 52.

DE GRAFFENRIED, J.—The only question presented by the record is whether the bill of exceptions shows that the evidence sufficiently identified the defendant as the party who sold liquor to one of the witnesses for the state on a certain occasion to have justified the court in submitting the question of guilt vel non to the jury.

The man who bought the liquor says in one part of his testimony: "Looking at the defendant now, I cannot say positively that he is the man I got the whiskey from. It was in the dark. I could not say that he is the man or that he is not the man." In another place he says: "My best recollection is he is the man. He was pointed out to me and was nearly in the door at the time." And in another place he says: "To the best of my judgment, I could not say positively that the defendant is the man Sam Davis pointed out to me. He had his back to me. I could not say positively that the defendant is the man I got the liquor from—to the best of my judgment and recollection."

While the above witness was not willing to testify positively that the defendant was the man who sold him

[Johnson v. The State.]

the liquor, nevertheless he did testify that to the best of his recollection the defendant was the man. The evidence of the above witness rises above mere conjecture or suspicion. It assumes the dignity of the positive testimony of a witness who from the fact that he had no acquaintance with the defendant and had only seen him when he bought whiskey from him on one occasion in the dark was unwilling to positively say that he was the man, but was willing to testify that, to the best of his recollection, the defendant was the man who had sold him the liquor. It was the duty of the court to submit, under the evidence in this case, the question of the defendant's guilt vel non to the jury.—*Kemp v. State,* 89 Ala. 52, 7 South. 413; *Paden v. Bellenger,* 87 Ala. 575, 6 South. 351; *Griffin v. State,* 76 Ala. 29.

There is no error in the record. The judgment of the court below is affirmed.

Affirmed.

### *Violating Prohibition Law.*

