[Civil No. 2212. Filed January 3, 1925.]

[231 Pac. 919.]

# CHRIS PALLAS, Appellant, v. BENJAMIN A. FUNK, Appellee.

1. EVIDENCE — WITNESS' IMPRESSION BASED ON OBSERVATION AND KNOWLEDGE HELD COMPETENT AS TO IDENTITY OF PERSON.—Witness' impression not amounting to positive certainty, based on observation and knowledge that person who was alleged to have stolen plaintiff's diamond and pledged it to defendant was with plaintiff when he made a payment on an account which was equivalent to amount defendant had paid pledgor of diamond, was competent.

2. PARTNERSHIP—BURDEN ON DEFENDANT TO SHOW THAT PLAINTIFF AND PLEDGOR OF DIAMOND WERE PARTNERS.—Where diamond purchased by plaintiff was placed in his safe, and later pledged by one who had access thereto to defendant, burden was on defendant to show that plaintiff and pledgor were partners in business and ownership of diamond.

See (1) 22 C. J., pp. 597, 598 (1926 Anno.). (2) 30 Cyc., p. 402.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Judgment reversed and cause remanded for a new trial.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellant.

Mr. J. E. Morrison, Mr. Herman Lewkowitz and Mr. Harold J. Janson, for Appellee.

ROSS, J.—Benjamin A. Funk in an action of replevin seeks to recover from Chris Pallas a certain diamond described in the complaint as weighing 3.93 carats, or, in case it cannot be delivered, $1,200, its alleged value. The trial was begun upon the general issue, but during its progress the defendant asked and was given permission to amend his answer, set-

ting up, in effect: That on September 22, 1922, he loaned one J. Bastkin the sum of $1,000 upon said diamond, and that, with knowledge of such loan, plaintiff accepted and received said $1,000 from Bastkin, had the full benefit thereof, and was estopped to claim diamond as against his lien for such sum.

The verdict of the jury found the issues in favor of plaintiff, and fixed the value of the diamond at $800. The plaintiff having elected to take the diamond, judgment was entered directing its delivery to him, and taxing the costs in the sum of $124.80 against defendant. The defendant appeals from order overruling motion for a new trial and from the judgment.

The first assignment is directed at the court's ruling excluding certain evidence which defendant contends tended to prove his plea of estoppel. In order to show the probable effect of such evidence upon the verdict of the jury, it is necessary that enough of the undisputed facts be stated as to present the theory of the defense. Some time before September 22, 1922, plaintiff purchased from McArthur Brothers, of Phoenix, the diamond in dispute, agreeing to pay therefor the sum of $1,200. He placed the diamond in his safe in his jewelry store, to which safe and store Bastkin had access; he at the time being associated with the plaintiff in business. On September 22, 1922, Pallas loaned Bastkin $1,000, taking as security an automobile and the diamond in question. The loan was effected between 11 A. M. and 1 P. M. On the same day, about 1 P. M., or a little before, plaintiff went to McArthur Brothers' place of business and paid $1,000 on account. M. P. Redondo, cashier of McArthur Brothers, a witness in behalf of defendant, testified that Funk was accompanied, when he paid the $1,000, by a man whom he thought to be Bastkin, giving his reasons for so believing; and, since

the competency of this evidence was denied and ruled out by the court, we give it in full:

"Q. Who was there with him? A. I think it was Mr. Bastkin.

"Mr. Lewkowitz: Object to it, and move that it be stricken out, if your honor pleases.

"Mr. Alexander: Do you know whether he was Bastkin? A. Well, there was some one else there with him in the office. There is a little window there, and I thought it was Mr. Bastkin.

"Mr. Lewkowitz: I object to that, and move that it be stricken.

"The Court: It may be stricken, and gentlemen of the jury, you are instructed to disregard it in arriving at your verdict.

"Q. (Mr. Alexander.) Did you know Bastkin before that? A. I saw him with Funk there at times, once before, in the office. He came in to see Charles McArthur.

"Q. Who did? A. This Mr. Bastkin, I think, was his name.

"Q. And you say that he was there with Mr. Funk at the time he paid this $1,000?

"Mr. Lewkowitz: Your honor, he has gone into that three times. He said he just thought it was, and we object to it.

"The Court: He may answer the question once more. Answer whether you saw him there or not. A. Well, I think it was; I am not positive.

"The Court: It may be stricken. Do you know whether he was there? A. That is what I think. I think it was him as near as I can say. I could not swear to it.

"Mr. Lewkowitz: Move to strike out.

"The Court: It may be stricken, and the jury is instructed to disregard the evidence.

"Q. (Mr. Alexander.) Could you recognize him if you saw his picture? A. No, I don't think so. I might accidentally, because I never saw the man before. Yes, I think that is the fellow (examining picture in evidence as Plaintiff's Exhibit D).

"Q. You recognize him? A. Yes, I recognize the face now.

"Q. That is the picture that is marked here Plaintiff's Exhibit B, purporting to be the picture of J. Bastkin? A. That is the one I saw in the office there; that came to see Charley McArthur. I don't say that it was at that time, but he was there before.

"Q. You say that was the same man that was with Funk when he paid the $1,000?

"Mr. Lewkowitz: If your honor please, this is the fifth time, this is their own witness.

"The Court: You may answer that yes or no whether you will say that is the same man that was there? A. Well, I could not answer yes or no.

"Mr. Alexander: What time of day was it he was there to pay? A. About 1 o'clock, or it might have been 5 minutes to 1. It was in the afternoon just as I was getting back from lunch, and I get back to the office about five minutes to 1 as near as I can remember."

We interpret the meaning of the witness to be that he observed a man with Funk whom he thought to be Bastkin; that theretofore he had seen Bastkin at McArthurs' with Funk; that he recognized the picture shown him as that of the man he had known as Bastkin; that he was not sure, but thought Bastkin was the man who was with Funk when the latter paid the $1,000. Counsel for plaintiff and the court seemed to think the witness' impression, based upon his observation and knowledge, was not competent evidence; that anything short of a willingness positively to identify Bastkin was objectionable under the rules of evidence. This is not in accord with the established law, nor is it in accord with reason. In 2 Wigmore, 2 ed., § 726, the learned author very aptly says, speaking of this particular kind of evidence:

"It is a commonplace of judicial experience that testimony most glibly delivered and most positively affirmed is not always the most trustworthy. The

honest witness who will not exaggerate the strength of his recollection is well worth listening to because of this very caution. Moreover, to accept such 'impressions' and 'beliefs' is after all not dangerous, since they carry in themselves a warning of their evidential weakness. The best judicial opinion does not insist on any degree of positiveness in the recollection, but accepts whatever the witness feels able to present.''

It will be observed the doubt of the witness was not that he saw a man with Funk but as to who the man was. If it had been the former, the statement of witness probably should have been rejected as lacking in observation, but he positively asserts the presence with Funk of another person, and says that he thinks it was Bastkin. That this evidence was improperly stricken or disallowed seems well settled. 2 Wigmore, 2 ed., § 728; *Hollingsworth* v. *State,* 3 Ala. App. 153, 57 South. 501; *Roberson* v. *State,* 40 Fla. 509, 24 South. 474; 1 Green Ev., § 440; Abbott's Proof of Facts, 3 ed., § 552; *Gentry* v. *Mc-Minnis,* 3 Dana (Ky.), 382; 1 Whart. Cr. Ev., § 459; Lawson, Exp. Ev., Rule 45, p. 273; *State* v. *Powers,* 130 Mo. 475, 32 S. W. 984; *People* v. *Rolfe,* 61 Cal. 540; *Commonwealth* v. *Kennedy,* 170 Mass. 18, 48 N. E. 770.

The plaintiff's contention was that Bastkin stole the diamond from Funk and pledged it to Pallas, whereas defendant contends that Funk was cognizant of Bastkin's act in securing loan, and that he profited by it to the extent of getting Pallas, $1,000 and applying it upon his debt to McArthurs; and he insists that the testimony of Redondo supports his theory.

Defendant complains that the court erred in instructing the jury that there was insufficient evidence to support his special defense of estoppel. This instruction was in harmony with the court's ruling disallowing Redondo's testimony. Had Redondo's

testimony been admitted, the instruction certainly would have been erroneous.

Under the general issue defendant undertook to show that Funk and Bastkin were partners in business and in the ownership of the diamond. The court's instruction submitted the issue to the jury, but in doing so the jury was told the fact of such partnership must be established by a preponderance of the evidence. This placing of the burden upon defendant on that issue is assigned as error. Under the evidence the instruction was correct. It is shown without conflict that Funk bought the diamond from McArthurs, took it, and placed it in his safe. It would seem that one who contends the title thus acquired vested in a partnership at the time of purchase, or later, ought to be required to establish it by a preponderance of the evidence. Again, defendant dealt with Bastkin as the sole owner of the diamond. If he would assert another ownership to defeat Funk's claim, he ought to be required to establish it.

For the error disallowing the testimony of Redondo, the judgment of the lower court is reversed and the cause remanded for a new trial.

McALISTER, C. J., and LYMAN, J., concur.