462 P.2d 869

**B. L. GUSTAFSON, dba B. L. Gustafson, Contractor, and Aetna Casualty and Surety Co., a corporation, Appellants,**

**v.**

**STATE of Arizona for the Use and Benefit of Lee MAHAN, dba Mahan Materials, Appellees.**

**No. 1 CA–CIV 874.**

Court of Appeals of Arizona, Division 1.

Department B.

Dec. 29, 1969.

Samuel C. Jefferies and Evans & Kunz, by Donald R. Kunz, Phoenix, for appellants.

Patrick O'Reilly, Phoenix, for appellees.

JACOBSON, Judge.

This action arises out of a judgment in favor of appellee-plaintiff, Lee Mahan, dba Mahan Materials, and against appel-

lants-defendants, B. L. Gustafson, dba B. L. Gustafson, Contractor, and Aetna Casualty and Surety Co., a corporation. The sole question raised by the defendants on appeal is whether a partnership existed between Lee Mahan and his father, A. E. Mahan, which would preclude a judgment being granted to plaintiff Lee Mahan alone.

The underlying facts of plaintiff's claim and defendants' counterclaim, which are not in issue on this appeal, may be summarized as follows:

Defendant Gustafson was the prime contractor on an Arizona Highway Department project in Yavapai County. Plaintiff subcontracted with defendant Gustafson to supply certain cover materials used in this highway construction project. Plaintiff brought suit, with permission of the State of Arizona, against defendant Gustafson and his surety, Aetna Casualty and Surety Company, for the value of the cover material supplied but not paid for. Defendant Gustafson counterclaimed for certain deficiencies in the quality and quantity of the material supplied. The matter was tried to the Maricopa County Superior Court sitting without a jury, which entered judgment in favor of plaintiff and against defendants for the sum of $2,180.78 together with attorneys' fees in the sum of $750.00, and dismissed defendants' counterclaim.

The defendants raised no issue as to the correctness of the amount of the judgment, or that plaintiff, if the only indispensable party, is entitled to the same. The sole issue raised by the defendants is whether the trial court erred in failing to grant the defendants' motion to dismiss plaintiff's complaint for failure to join an indispensable party pursuant to Rules 12(b) (7) and 19, Rules of Civil Procedure, 16 A.R.S. (Supp. 1969–70).[1]

The basis of defendants' motion is found in the testimony of the last witness to testify at the trial and who was called by plaintiff on rebuttal. The entire testimony of

this witness, insofar as pertinent, is as follows:

"Q Tell us your name, sir.

"A A. E. Mahan.

"Q Are you called "Bill Mahan"?

"A That's right.

"Q Is that the way you are known and do business in the vicinity where you live?

"A The oldtimers, yes.

"Q Are you related to Lee Mahan?

"A I am his father.

"Q Do you live in Camp Verde?

"A I do.

"Q What connection do you have with the gravel and rock operation there?

"A Half owner.

"Q Do you also operate it?

"A I operate it.

"Q Were you operating it in June, July and August of 1964?

"A Yes."

Defendants contend that this testimony clearly establishes the fact that a partnership existed between plaintiff Lee Mahan and A. E. Mahan, his father. Since A. E. Mahan was a partner, defendants reason, he is an indispensable party to this lawsuit and his failure to be joined required dismissal of the action.

■ Defendants have cited numerous cases to this court for the proposition that all partners are indispensable parties to a suit brought to enforce a partnership obligation. E.g., Purcel v. Wells, 236 F.2d 469, (10th Cir. 1956); Charne v. Essex Chair Co., 92 F.Supp. 164 (D.N.J.1950).

Plaintiff does not dispute this principle, but points out that the testimony quoted above does not in and of itself, justify a finding that Lee Mahan and A. E. Mahan were engaged in a partnership or, more specifically, that they were engaged in a

1. This motion was made at the trial on the merits after both sides had presented their evidence and rested. No objection was made as to the timeliness of this motion.

partnership venture when dealing with defendant Gustafson. With this we agree.

The testimony before us does not establish that Lee Mahan and A. E. Mahan had a contractual relationship giving rise to a partnership, that is, where they combined their property, labor and skill in an enterprise as principals for the purpose of dividing profits and sharing losses. Blumberg v. Palm, 238 Minn. 249, 56 N.W.2d 412 (1953); Peterson v. Massey, 155 Neb. 829, 53 N.W.2d 912 (1952); cf. A.R.S. Sec. 29-206 (1956). The testimony of A. E. Mahan is entirely consistent with several business relationships other than a partnership. The plaintiff and A. E. Mahan might own and operate the gravel rock operation as joint tenants or tenants in common which would not, in and of itself, establish a partnership. A.R.S. Sec. 29-207(2) (1956).

There is absolutely no testimony regarding the sharing of the profits of the business which could be prima facie evidence of a partnership. A.R.S. Sec. 29-207(4) (1956).

Moreover, in this case, the contract upon which plaintiff sued is entirely in his own name. The testimony indicates that all transactions and dealings by the defendant Gustafson was with the plaintiff Lee Mahan alone. The existence of a contract between plaintiff and the defendant Gustafson is not in any way inconsistent with the fact that plaintiff's father might be a half-owner of the gravel-rock operation. The fact that plaintiff's father might also operate it, is also not inconsistent with a contract by defendant Gustafson with plaintiff as plaintiff's sole business. Plaintiff's father might be a co-owner from an investment standpoint and an employee from an operational standpoint.

We need not speculate further as to the relationship which in fact might exist between plaintiff and his father, in general or as to this contract in particular. The burden was on the defendants who asserted the existence of the partnership, to prove it. Pallas v. Funk, 27 Ariz. 170, 231 P. 919 (1925). This the defendants failed to do. The trial court correctly denied defendants' Motion to Dismiss.

Plaintiff, in his answering brief, requests this court to allow attorneys' fees for defense of this action on appeal. The basis of this request rests in the provision of the bond furnished in connection with the performance by the defendant Gustafson of the general contract in question. The applicable provisions of the bond are as follows:

"The conditions of this bond are such, that if the principal herein shall * * * promptly pay all * * * subcontractors and material men * * * and shall promptly pay all just debts, dues, and demands incurred in the performance of said work; than this obligation to be void, otherwise to remain in full force and effect.

"We further agree that, should suit be brought to enforce the provisions of said contract and/or to recover on this bond and recovery be had thereon, to pay to the party so recovering a reasonable attorney's fee, and such fee shall be determined by the Court and allowed as part of the judgment of recovery. * * *"

It would appear to us that the clear import of such a provision concerning attorneys' fees is to indemnify the creditor against the necessity of paying attorneys' fees and to enable such a creditor to recover the full measure of his debt without deduction for legal expenses. While plaintiff has cited no authority to this court to support the allowance of attorneys' fees on appeal, and we were not favored with a reply brief by defendant on this point, we feel that the holding of the Arizona Supreme Court in Steele v. Vanderslice, 90 Ariz. 277, 367 P.2d 636 (1961) is applicable here. In that case the Court stated:

"The more recent authorities considering contracts which provide for attorneys' fees have made allowances for additional fees for the prosecution or defense of an action in the appellate courts."

While the *Steele* case involved a provision for the payment of attorneys' fees in a promissory note, we see no difference in the rationale of that case when applied to the bonding provisions above quoted. See Annot., 52 A.L.R.2d 863 (1957).

We therefore allow plaintiff a reasonable attorneys' fees on appeal, for to do otherwise would reduce the amount of plaintiff's recovery contrary to the purpose of the provisions contained in the bond for the payment of attorneys' fees. As this court has no facilities for the taking of testimony to determine the amount of these fees, this matter is remanded to the trial court for a determination of the reasonable value of the services of plaintiff's counsel in defending this matter on appeal and with directions to the trial court to modify the judgment heretofore entered against both the defendants to include the amount so found.

Judgment affirmed and remanded for proceedings in accordance with this decision.

EUBANK, P. J., and HAIRE, J., concur.