[Civ. No. 30879.   Second Dist., Div. Two.   Aug. 8, 1967.]

S. LEE SHARFMAN et al., Plaintiffs and Appellants, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

Goodstein & Moffitt, Harry M. Snyder and Sikes, Pinney & Matthew for Plaintiffs and Appellants.

Parker, Stanbury, McGee, Peckham, & Garrett, R. B. Pegram, Richard L. Franck, James R. Penfield, and Edwin B. Warren for Defendants and Respondents.

ROTH, P. J.—S. Lee Sharfman, the plaintiff in causes of action one and two, alleges that shortly before 7 p.m. on the evening of January 19, 1965, he was driving north on Pacific Coast Highway in Malibu when his car crashed into a five-ton road-roller negligently left by respondents in the dark without visible signs or lights in one of the northbound lanes of the highway, and as a consequence he was seriously injured.

The two causes of action, each alleging a different type of negligence, seek damages on behalf of Sharfman individually. They are not the subject of this appeal.

The third and fourth causes of action, predicated on facts identical to the first and second, are on behalf of Eric Armstrong and S. Lee Sharfman, doing business as Armstrong and Sharfman, a partnership engaged in landscape architecture.

These latter two causes of action claim damages for the partnership separate from those claimed by Sharfman in the first and second causes of action because:

"At the time of said accident, S. Lee Sharfman utilized his time, energy and skill on a full time basis, for the plaintiff partnership, Armstrong and Sharfman, and in this connection was servicing a number of individual clients and accounts as well as obtaining new clients and accounts; since said accident and as a direct and proximate result of the accident and of the resulting injury to S. Lee Sharfman, the partnership of Armstrong and Sharfman has been unable to service these clients and accounts and consequently has lost certain of said accounts to its competitors and said partnership has not been obtaining the new clients and accounts it would have if S. Lee Sharfman had not been injured. . . ."

The causes of action on behalf of the partnership were dismissed with prejudice on the ground that the partnership as a matter of law cannot state a cause of action for loss of earnings and profits of the partnership business resulting from the negligent injury of one of the partners.

This appeal is from the judgment of dismissal of the third and fourth causes of action.[1]

The question presented insofar as we have been able to discover has not been directly answered by case law.

Appellants contend the partnership's right to recover has been established under California law by compelling analogy: *Johnson* v. *Central Aviation Corp.*, 103 Cal.App.2d 102 [229 P.2d 114], which endorsed "[t]he right of plaintiffs who are in partnership to recover for loss of profits caused by the negligent act of a third party. . . ."

In *Johnson,* a partnership sought recovery for loss of profits from the sale of an airplane owned by the partnership, which had been negligently damaged in a collision. Prior to the collision, the partnership had entered into an agreement to sell the airplane, which had cost $20,000, for $27,500. The collision prevented the sale, and the partnership suffered a loss of $7,500. The trial court had, under section 453 of the Code of Civil Procedure, struck the allegations of damage as irrelevant and redundant matter. The ruling was reversed. The appellate court held that loss of profits, where certain, is recoverable.

It is clear from the facts in *Johnson* that the loss suffered is not the type of loss in the case at bench.

In *Johnson,* the partnership recovered lost profits from

---

[1]Appellants state they appeal "from that certain *Judgment* of Dismissal with Prejudice and Judgment on the Pleadings. . . ." The trial court "ordered . . . the third and fourth causes of action . . . dismissed with prejudice" as to the named respondents—the order is denominated "Order of Dismissal with Prejudice and Judgment on the Pleadings." The minutes of the court reflect that "Judgment on the Pleadings" as to the third and fourth causes of action were granted as to the named respondents, and directed "counsel for defendant People to prepare the Judgment."

No judgment on the pleadings was entered. Section 581d of the Code of Civil Procedure provides, however, that dismissals in the form of written orders signed by the court shall when filed "constitute judgments and be effective for all purposes . . . ." Appellants technically, therefore, should have appealed directly from the order of dismissal absent entry of a judgment on the pleadings. We will treat their appeal as taken from this order. If the order of dismissal is the equivalent of a judgment, the appeal from the nonexistent judgment on the pleadings is both inaccurate and redundant. The appeal from the "judgment" is therefore dismissed.

injury to a physical asset of the partnership. Our Corporations Code, section 15040, defines assets of a partnership. This definition does not include the services of a member partner. Nor does section 15008 of the same code defining partnership property include a member's services. ▮ Further, it is established law that even though a tort claim may in certain cases excepted by statute survive, such claim is not assignable or subject to subrogation, legal or equitable. (See *Fifield Manor* v. *Finston*, 54 Cal.2d 632, 639-640 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813]; *Pacific Gas & Elec. Co.* v. *Nakano*, 12 Cal.2d 711, 713 [87 P.2d 700, 121 A.L.R. 417].)

▮ Sharfman has alleged in causes of action one and two a claim personal to him which he cannot transfer to the partnership, nor can the partnership allege a cause of action in the partnership based on a tort to Sharfman personally.

It has been held that a sole proprietor may recover lost profits of his business (*Hollander* v. *Wilson Estate Co.*, 214 Cal. 582, 587 [7 P.2d 177]) and a corporation may recover damages for negligent injury to its employee. (*Darmour Productions Corp.* v. *H. M. Baruch Corp.*, 136 Cal.App. 351 [27 P.2d 664].) Therefore, appellants contend there is ". . . no reason why defendants should not be liable to the partnership plaintiffs" if the plaintiffs can prove both negligence and damage to the partnership.

A sole proprietor recovers loss of profits to his business based on his personal loss of income—i.e., salary or earnings —as a result of being unable to work. Loss of profits here is really loss of earning power and clearly a recoverable element of damages. In *Hoffmann* v. *Lane*, 11 Cal.App.2d 655 [54 P.2d 477] (hearing denied by the Supreme Court) plaintiff personally sought loss of earnings based on loss of profits to him from his inability to engage in a partnership business of which he was a partner earning about $60 a week during the previous year. The court stated, at page 659: "From these facts plaintiff incorrectly reasons that the trial court could have considered that he was entitled to recover *wages* for eleven months at the rate of $60 a week. *The loss of profits ·from the partnership was not a necessary consequence of plaintiff's injuries,* and the extent of his recovery would be the worth of his services in the conduct of the business. . . . Under his general allegation of damages, the court could have considered . . . loss to him because the injuries rendered him less capable of following his previous vocation, and in proof

of such loss, evidence as to earnings from such vocation was admissible." (Italics added.)

█ In the instant case, Sharfman may recover if he can support the first two causes of action, loss of income as a landscape architect. To establish such lost income, he may show what his share of partnership income had been in the past and how this share was diminished by his inability to work because of his injuries. To allow further and separate recovery for loss of partnership profits would be to allow double recovery for Sharfman's injuries; an individual partner's earnings overlap to considerable extent the "profits" earned by the partnership as an entity.

In *Darmour, supra,* a film-making corporation was allowed to recover, under section 49 of the Civil Code, for loss of services of an employed actress by reason of her negligent injury by defendants.

Civil Code, section 49, provides: "The rights of personal relations forbid: (a) The abduction or enticement of a child from a parent, or from a guardian entitled to its custody; (b) The seduction of a person under the age of legal consent; (c) Any injury to a servant which affects his ability to serve his master, other than seduction, abduction or criminal conversation." *Darmour* is predicated upon a codified principle of common law as between master and servant. It does not, nor has any case been cited to us which does, authorize recovery by a corporation or a partnership for *business profits* because of loss of the services of a salaried employee under section 49, subdivision (c) of the Civil Code.

A partnership involves a contractual agreement. This agreement, oral or written, defines the rights and obligations of Armstrong and Sharfman.

"[W]ith the exception of an action by the master for tortious injuries to his servant. thus depriving the master of his servant's services, which traces back to medieval English law (Prosser on Torts, 2d ed., pp. 723, 729, 732; see Civ. Code, § 49, subd. (c), codifying this common-law rule; *cf. Earley* v *Pacific Elec. Ry Co.*, 176 Cal. 79, 82 [167 P. 513, L.R.A. 1918A 997]; *Darmour Productions Corp.* v. *H. M. Baruch Corp.*, 135 Cal.App. 351. 352-353 [27 P.2d 664]), the courts have quite consistently refused to recognize a cause of action based on negligent, as opposed to intentional, conduct which interferes with the performance of a contract between third parties or renders its performance more expensive or burdensome. (Prosser on Torts, 2d ed.. pp. 732-733, collecting many

of the cases.; Harper and James, vol. 1, The Law of Torts, § 6.10, pp. 501-510; note 23 Cal.L.Rev. p. 420.)'' (*Fifield Manor* v. *Finston, supra,* p. 636.)

The order dismissing appellants' third and fourth causes of action with prejudice is affirmed.

Fleming, J., concurred.

Herndon, J., concurred in the judgment.