298 So.2d 146 (1974)
Mrs. Winnie Dean SMITH
v.
SUCCESSION of Cyril Ashley SMITH.
No. 9900.
Court of Appeal of Louisiana, First Circuit.
June 28, 1974.
Rehearing Denied August 13, 1974.
Writ Refused October 25, 1974.
*147 Ashton L. Stewart, Baton Rouge, for appellant.
Lawrence A. Durant, Baton Rouge, for appellee.
Before SARTAIN, J., and BAILES and VERON, JJ. Pro Tem.
BAILES, Judge Pro Tem.
Mrs. Winnie Dean Smith, divorced wife of Cyril Ashley Smith, now deceased, brought suit against her former husband's succession for a partition of the community of acquets and gains formerly existing between the parties. The case was submitted to the trial court on a stipulation of facts.
The plaintiff and her husband were married on June 24, 1930. They began living separate and apart in fact on April 11, 1952. A judgment of divorce was granted between the parties on October 2, 1970.
The trial stipulation of facts reveals that on August 12, 1970, six days prior to the filing of the divorce suit against his wife, Mr. Smith purchased 250 shares of Alcon Labs Texas common stock. Thereafter, this stock was sold by him during December, 1970, a small profit realized, and the total sales price was placed in a trading account with his stock broker. Shortly after the judgment of divorce was signed in October of 1970, negotiations began between the attorneys for the parties with a view toward partitioning the community of acquets and gains.
Throughout the negotiations and up until the death of Cyril A. Smith, it was represented by him that he was still the owner of the Alcon Labs Texas stock. The record is clear that Mr. Smith's attorney did not have knowledge that this stock had been sold in December, 1970. Mr. Smith died testate on December 11, 1971, and his succession was opened on January 18, 1972. The instant suit was instituted on January 27, 1972, and subsequently it was discovered Mr. Smith had disposed of the Alcon Labs Texas stock in December, 1970. The stipulation reflects that the stock had a value of $10,165.00 in December, 1970, when it was sold and at the time of the filing of the partition suit, the stock, after two stock dividends, had increased to 750 shares with a value in excess of $25,000.00.
The trial court held that the succession would have to account to the community for the $10,165.00 sales price of the stock. Appellant takes the position that her former husband had no right to dispose of the stock without her permission; that his succession should be required to account for the stock, in kind, for a total of 750 shares of Alcon Labs Texas, or in the alternative, for the fair market value of the 750 shares as of the date her partition suit was filed.
Appellant assigns as additional error, the trial court's denial of her claim for one-half of the proceeds of a $14,000.00 term life insurance policy on the life of decedent. Alternatively, she claims that the district court erred in holding Mr. Smith's succession was not obligated to the community, under an implied contract, to return the insurance policy he disposed of in kind (by a change of beneficiary), or further alternatively, to return to the community the present value thereof.
The late Mr. Smith was provided a group life insurance policy, as owner, by Gulf States Utilities Corporation, his former employer. Upon his retirement from Gulf States Utilities, this policy was converted to a straight life policy. The policy did not have any cash surrender value. The terms of the policy provided that the *148 insured had full power to designate the beneficiary. The stipulation reveals that on or about July 19, 1970, Mr. Smith, without the knowledge or consent of his wife, changed the beneficiary on this life insurance policy from appellant to a third party. The plaintiff claims that this change in beneficiary some 30 days prior to the filing of the divorce suit is tantamount to fraud, and was done solely to injure his former wife and his succession should return the proceeds of the life insurance policy to the community.
The trial court found no evidence of fraud or bad faith, or an attempt to injure Mrs. Smith by Mr. Smith when the 250 shares of Alcon Labs Texas stock was sold. Appellant argues that her late husband had no right or legal authority to sell the stock on the open market after the community was dissolved by divorce. It is true that the community of acquets and gains existing between a husband and wife is a partnership in which the husband and wife own equal shares, their title thereto vesting at the very instant such property is acquired. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169.
Mr. Smith owned a fiduciary obligation to the former wife after the dissolution of the community. Pitre v. Pitre, 247 La. 594, 172 So.2d 693 (1965). In his fiduciary capacity he owned the obligation of caring for the community property as a prudent administrator. We find no breach of this duty by Mr. Smith.
Appellant complains that instead of the community receiving a small profit from the sale of the stock, it has been deprived of a windfall profit as the result of substantial rise in value of the Alcon Labs Texas stock from the date of the sale to the date of the partition suit. The proceeds of the sale were kept in the trading account with Mr. Smith's stock broker, and this account was included in the inventory by stipulation. As stated by the trial court in its written reasons for judgment:
"There is little doubt that had the Alcon Labs Texas stock decreased in market value, plaintiff would have asked the defendant to go out into the market and replace the shares in kind. To force the defendant to do so now, absent any showing of negligence, or bad faith would be an unfair burden upon the defendant."
The plaintiff contends that the mere fact her former husband changed the beneficiary of a $14,000 insurance policy belonging to the community is sufficient to constitute "fraud, to injure his wife", and under Civil Code Article 2404 she has a claim "against the heirs of her husband", for her half of the insurance policy. Alternatively, since the policy was not disposed of during the existence of the community, that her husband's succession has an implied contract to return the policy to the community insofar as the one-half interest therein of Mrs. Smith is concerned.
The value, if any, to be assigned to the insurance policy in question is as of the date of the divorce, not the proceeds of the policy upon the date of the insured's death. The stipulation states that the policy had no cash surrender value. Considering arguendo that the right to name the beneficiary to a life insurance policy may have some value, no proof was offered as to how this right might be valued, and as stated by the trial court:
"While the right to name the beneficiary even to one-half of the policy was of some value, the amount to be assigned thereto would be highly speculative in the absence of any cash surrender value and of proof of any other basis for evaluation."
The record is bare of any proof regarding Mr. Smith's attempt to defraud his *149 wife of any community property. From our review of the record, it appears that the total community assets in which the plaintiff will participate total approximately $40,000.00. This Court is not in a position to hold, in the absence of sufficient and adequate proof, that Mr. Smith committed fraud by deleting his wife as beneficiary on this life policy and naming a third person as the beneficiary to receive the death benefits which might become due under the life contract.
The proceeds of life insurance form no part of a decedent's estate, and the rules of the Civil Code relating to donations inter vivos or mortis causa have no application to life insurance policies, nor are the proceeds of such policies subject to community rights. Succession of Rockvoan, La.App., 141 So.2d 438, and authorities cited therein.
In the case of Standard Life Insurance Company of the South v. Franks, La., 278 So.2d 112, the Supreme Court stated:
"The death benefits of the life insurance policy were never community property, for there was a named beneficiary other than the estate of the insured. Death benefits payable to one other than the estate are not part of the community of acquets and gains...."
Had the policy in the instant case had some provable value on the date the community was dissolved, the jurisprudence of this State is clear that the plaintiff-wife would be entitled to one-half of that proven value, however, the record is void of any proof of the value of the term life insurance contract on Mr. Smith's life at the date the community was dissolved.
For the foregoing reasons, the judgment appealed is affirmed. Appellant is cast for cost of this appeal.
Affirmed.