603 P.2d 310

**Helen AMADOR, Plaintiff-Appellant,**

v.

**Theresa R. LARA and Ben Lara, Defendants-Appellees.**

**No. 3784.**

Court of Appeals of New Mexico.

Oct. 16, 1979.

Kenneth B. Wilson, Roswell, for plaintiff-appellant.

Robert E. Sabin, Atwood, Malone, Mann & Cooter, P. A., Roswell, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff, Helen Amador, appeals from a judgment in which the jury awarded her the sum of $2,500.00. We reverse.

For some unaccountable reason, Helen's Brief-In-Chief follows the Criminal Rules of Appellate Procedure, not the Civil Rules. No Statement of the Case or Statement of Proceedings appear. Other errors and omissions need not be mentioned.

A large percentage of appellate lawyers are oblivious to, or choose to ignore, our rules. Those who fail to read opinions in which criticism flows should receive as much respect from this Court as respect is shown for the rules. Poor briefs lead this Court to become independent advocates in a search for justice. Such briefs should be returned to lawyers. Penalties should be assessed. Whenever necessary, experts in appellate practice should be employed to brief appellate cases. "Now a style of work is a thing of value, and a good style is a pearl of price; but a style can bear only the load which can be lifted by the style." Llewellyn, The Common Law Tradition—Deciding Appeals, 415.

This case arises out of an automobile accident on April 21, 1976, in which Helen sustained personal injuries. Raymond, plaintiff's husband, was not a party to the suit.

During trial, Helen sought to introduce evidence to show that she and her husband lost income because she could no longer help him in the business. Defendant objected on the grounds that Helen was not employed at the time and was not an employee of Saladmaster; that Helen only accompanied Raymond on occasion to assist him in the "house party" events; that Raymond was not a party to the lawsuit and has not filed any cause of action for loss of wages; that Raymond alone was the proper party to assert the cause of action for loss of wages; that it is not relevant evidence since there was no claim for Raymond's loss of earnings and it would be prejudicial to allow this issue to go to the jury.

The trial court requested an offer of proof. Helen and Raymond testified as to the following facts:

Helen and Raymond were equal partners in a business venture. The income tax returns were filed as a partnership. Raymond was a distributor of stainless steel cookware for Saladmaster products which he sold on a commission basis. The checks for the commissions were received in Raymond's name. The manner in which the sales were customarily made was that of a "house party" in which cookware was used to prepare a meal for guests and a "salespitch" made for the product. The venture involved travelling. Helen occasionally accompanied Raymond on the trips and assisted in the preparation of meals and helped keep the financial books of the venture.

After the close of the offered testimony, the court sustained defendant's objection. It ruled that any loss of income was that of the husband; that he was not a party to the action and made no claim for his loss of income and that any testimony regarding Helen's activities in assisting her husband in performing his job was improper. The court was mistaken.

Prior to 1975, a married woman had the right in her own name to prosecute a cause of action against one who negligently inflicted bodily injuries upon her. She could recover damages for her physical injury, pain and suffering. The proceeds were her separate property. "The cause of action for the damages to the community for medical expenses, loss of services to the community, as well as loss of earnings, if any, of the wife still belongs to the community, and the husband as its head is the proper party to bring such an action against one who wrongfully injures the wife." *Soto v. Vandeventer*, 56 N.M. 483, 494, 245 P.2d 826, 833 (1952).

Effective July 1, 1973, Article II, Section 18 of the New Mexico Constitution was amended to include the following:

. . . Equality of rights under law shall not be denied on account of the sex of any person.

In 1975, the legislature enacted § 40–3–7, N.M.S.A.1978. Its purpose was to conform the Community Property Act of 1973 to the constitutional amendment "by making the provisions of the Community Property Law of New Mexico apply equally

to all persons regardless of sex." Section 40–3–14 provides in pertinent part that "either spouse alone has full power to manage, control, dispose of and encumber the entire community personal property." Husband or wife alone may be the "head of the household" whenever matters arise concerning management, control, disposition and encumbrance of community personal property. Whatever action is taken by husband or wife binds the community. This opinion is limited to the power of the wife alone, not only to recover damages for her physical injury, pain and suffering, but the right to recover the entire community loss. We hold that she does. For this purpose, she is the "head of the household" with full power to manage and control personal community property.

The husband is neither a proper, necessary or indispensable party in this case.

Helen's injuries caused a loss of services to the community because she was unable to assist Raymond in the performance of his work. As a result Raymond suffered a loss of earnings which was also community property. Helen is entitled to recover the full amount of the loss to the community. This loss belongs to the community. Damages for Helen's physical injury, pain and suffering is her separate property.

■■ Defendants argue that if the business venture of Helen and Raymond was a true partnership, this became the fly in the ointment because the partnership itself was the proper party to bring the action. True, "A partner may not sue alone on a cause of action belonging to a partnership, and the action must be brought in the names of the partners." *Marx v. Lenske*, 263 Or. 90, 500 P.2d 715, 718 (1972); *Gustafson v. State*, 11 Ariz.App. 176, 462 P.2d 869 (1969); *White v. Jackson*, 252 S.Ct. 274, 166 S.E.2d 211 (1969). But a claim of a partner for personal injuries and damages is not a claim that belongs to the partnership. The right to recover for such injuries and losses would be in the partner, not the partnership. When a tortious act, committed by a defendant, proximately causes personal injuries to, and losses for, one partner, no legal relationship exists between the partnership and defendant, and the right to recover for such injuries and losses would be in the partner, not the partnership. A partnership can normally claim damages only for the joint injury sustained. *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966); 60 Am.Jur.2d *Partnership*, § 327 (1972).

■ A partnership as a matter of law cannot state a cause of action for loss of earnings and profits of the partnership resulting from the negligent injury of one of the partners. *Sharfman v. State*, 253 Cal. App.2d 333, 61 Cal.Rptr. 266, 36 A.L.R.3d 1370 (1967); *Columbia Taxicab Co. v. Mercurio*, 236 S.W. 1096 (Mo.App.1921). *Sharfman* said:

> In the instant case, Sharfman may recover if he can support the first two causes of action, loss of income as a landscape architect. To establish such lost income, he may show what his share of partnership income had been in the past and how this share was diminished by his inability to work because of his injuries. [61 Cal.Rptr. at 36 A.L.R.3d at 1373].

■ A partner can recover his proportionate share of the compensation loss, but not the entire loss of the partnership. *Houghton v. Puryear*, 10 Tex.Civ.App. 383, 30 S.W. 583 (1895).

■ Under this theory, Helen cannot recover the whole partnership loss of earnings. Nevertheless, regardless of what husband and wife denominate their business relationship, the marital relationship in regard to the community estate is a marital partnership. *Smith v. Succession of Smith*, 298 So.2d 146 (La.App.1974); *Ackel v. Ackel*, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549 (1941); *Bortle v. Osborne*, 155 Wash. 585, 285 P. 425, 67 A.L.R. 1152 (1930); 41 C.J.S. *Husband and Wife* § 462, p. 986 (1944). In other words, the "community" is a partnership in a restricted sense in which the husband and wife own equal shares. It is founded upon principles of exact equality and justice as to the property rights of the spouses. *Schmidt v. Huppmann*, 73 Tex. 112, 11 S.W. 175 (1889).

■ We hold that Helen and Raymond are engaged in business as a marital partnership in which each has full power alone to manage and control the business.

Defendants rely on *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974) as a proper and logical method of resolving the problem. In *Cooper,* initially, the husband sued alone to rescind a purchase of property which had become community property subject to joint management. There was no writing authorizing the husband to represent the wife in the suit. The husband's suit was dismissed with prejudice. The husband and wife then sued. *Cooper* held that the wife's interest in the community property was untouched by the judgment of dismissal with prejudice of the husband's suit. In other words, the judgment of dismissal with prejudice of the husband's action was res judicata as to the husband but not with respect to the rights and claims of the wife. Of course, this case is inapplicable to the instant tort action by the wife.

Defendants argue that *Cooper* "protects the rights of both spouses to have a voice in litigation concerning community property, and it avoids some troublesome problems which could arise if one member of the community is permitted to assert claims for the community." Defendants put troublesome problems in question form:

First, would a compromise settlement of the non-party spouse's claims be binding on him? Second, would litigation of such a claim be res judicata of that and other claims by the non-party spouse? Finally, would the discovery rules apply to the non-party spouse . . .?

■ These are not troublesome problems of the community or the defendants. The only issue involved is recovery of damages suffered by the community. If either spouse settles or recovers for personal injuries and damages, which is separate property, the community is not bound. If either spouse settles or recovers for a community loss, the community is bound.

■ With reference to discovery rules on the issue of a community loss, the non-party spouse is a witness subject to the same discovery rules applicable to any other witness.

■ In the instant case, Raymond testified on behalf of Helen to allow her to recover for the community loss. Res judicata would be binding on him. We agree that the best method of solving the problem is to have both spouses join in the prosecution of a claim for community damages, but "the best method" is the better of two methods, and it should not be used as the only viaduct over which the law travels. In *Cooper,* the trial court recognized the right of the wife to assert her claim in a subsequent suit. We agree that to encourage additional litigation in the latter part of the 20th century adds fuel to the fire. Today, the courts seek to end litigation within all reasonable bounds.

What we find difficult to understand is this:

In the instructions, the court allowed Helen to recover "The reasonable expense of necessary care, treatment and services received," etc., all of which constitute a community loss, and yet the court denied Helen the right to recover loss of services or earnings of the community, also a community loss. Both losses are in same category.

Helen also claims that the trial court erred in its written communication with the jury. We agree.

■ The foreman of the jury submitted the following written communication to the court:

The jury needs the complete total medical expense, up to this date 7/13/78.

After consultation with attorneys and over objection of Helen, the court responded in writing:

Under the evidence presented in this case the sum of $429.14 is the complete medical expense to date of July 13, 1978.

This response did not state the "complete *total* medical expense." The only medical expense proven was the sum of $429.14 due one doctor. The jury knew this fact. How-

ever, it was not the complete total medical expense to date. Helen did fail to introduce evidence of the amount of medical expenses due to three other doctors as well as other expenses of procedures testified to.

Helen relies on Rule 107 of the Rules of Evidence. It reads:

The judge shall not comment to the jury upon the evidence or the credibility of the witnesses.

The parties took this issue lightly. No authority was cited. No argument was made upon the application of Rule 107 to communications with the jury during deliberations. It has received only passing fancy in New Mexico. For two cases of erroneous comment on the evidence, *see, Anderson v. Welsh,* 86 N.M. 767, 527 P.2d 1079 (1974); *Turrietta v. Wyche,* 54 N.M. 5, 212 P.2d 1041, 15 A.L.R.2d 407 (1949).

In other states, under constitutional provisions which forbid comments on the evidence, it has been held that "The judge 'comments' on the evidence when he expresses his opinion to the jury as to what the evidence shows or does not show, or when he assumes any particular fact, which has been disputed, as being in fact proven." *State v. Vann,* 11 Ariz.App. 180, 463 P.2d 75, 78 (1970); *Case v. Peterson,* 17 Wash.2d 523, 136 P.2d 192 (1943). "This prohibition applies equally to the judge's instructions to the jury and to comments made by the judge in the course of the trial." *State Highway Department v. Buzzuto,* 264 A.2d 347, 351 (Del.1970).

The only case found in which the jury sent a note to the court during deliberations is *Weber v. Kamyr, Inc.,* 269 Or. 617, 525 P.2d 1307 (1974). The jury requested the "number of the exhibit which was the contract between Kamyr and Boise Cascade." The court gave the wrong number, but when informed by the attorneys, the jury was called in and were given the correct number of the exhibit. Plaintiff argued that even if the number given had been correct, his statement would have been a comment on the evidence. The court said:

We believe plaintiff is being hypercritical when he says that answering such a

question of the jury correctly would be improper as a comment on the evidence. . . . The jury ultimately received the correct information and no harm was done. (id. 525 P.2d 1310).

It is important to state that "A court should be conscious of the fact that it is the dominant figure in the courtroom in any jury proceeding and that an inadvertent comment on the evidence, or its attitude or belief or disbelief can influence the jury." *Gabosch v. Tullman,* 21 Ill.App.3d 908, 316 N.E.2d 226, 230 (1974).

■ After submission of the cause to the jury all communications between the judge and the jury must take place in open court and in the presence of, or after notice to, the parties or their counsel. *Klesser v. Stone,* 201 S.E.2d 269 (W.Va.1973); *Boedges v. Dinges,* 428 S.W.2d 930 (Mo.App.1968); *Conrey v. McGehee,* 473 S.W.2d 617 (Tex. Civ.App.1971); *Wilson v. Hartley,* 365 Mich. 188, 112 N.W.2d 567 (1961); *Anderson v. Taylor,* 154 Ind.App. 217, 289 N.E.2d 781 (1972); 89 C.J.S. Trial § 473, p. 115 (1955); 75 Am.Jur.2d *Trial,* § 1001, p. 843 (1974).

■ This Court was firmly committed to the uniform rule that any communication between judge and jury, except in open court and in the presence of the accused and his counsel was reversible error. "Whatever fact the juror desires to communicate to the trial court relative to the case then on trial should be made from the jury box in open court and in the presence of the parties and likewise the answer of the judge thereto." *State v. Hunt,* 26 N.M. 160, 170, 189 P. 1111, 1115 (1920); *State v. Nelson,* 63 N.M. 428, 321 P.2d 202 (1958). This rule was applicable in civil cases.

We note that in *Hunt,* reliance was had on an early civil case in Massachusetts in which the judge urged the jury to agree on the verdict. The court concluded as follows:

*Courts are a human institution, and we cannot expect mechanical perfection even in such vital areas as jury consideration. Errors will appear in every trial. It is fundamental that to eradicate a complet-*

ed adjudication of rights by granting a new trial the errors complained of must be prejudicial. [Emphasis added.] [201 S.E.2d at 274.]

*Hunt* has been modified to require error to be prejudicial. *State v. Beal,* 48 N.M. 84, 146 P.2d 175 (1944); *State v. Evans,* 48 N.M. 58, 145 P.2d 872 (1944); *State v. Clements,* 31 N.M. 620, 249 P. 1003 (1926).

■ To warrant a new trial, prejudicial error must have affected the verdict of the jury.

In the instant case, the trial court sent a written comment to the jury on the evidence relative to damages but not in open court. In open court, inquiry could have been made of the jury of the meaning of the phrase "the complete total medical expenses." After an explanation, the judge and opposing lawyers could then, in chambers, determine an appropriate answer, written in form to avoid ambiguity, and deliver the answer to the jury orally and in writing in open court. This procedure would accord the parties an atmosphere of impartiality, free of any suspicions of taint, confusion or misunderstanding.

The trial court erred in commenting on the evidence.

Liability of defendants for personal injury, pain and suffering was established by the judgment below. The only issue remaining is damages for loss of earnings suffered by the community.

We hold that plaintiff is entitled to a new trial limited solely to damages for loss of earnings actually caused the community by reason of Helen's injuries. This damage shall be in addition to the original award of $2,500.00.

Reversed.

IT IS SO ORDERED.

LOPEZ and ANDREWS, JJ., concur.