815 P.2d 650

**Tina MADRID, Plaintiff–Appellant,**

v.

**Jose C. ROYBAL d/b/a Red's Steakhouse & Liquors, Defendant–Appellee.**

**No. 11024.**

Court of Appeals of New Mexico.

May 28, 1991.

Certiorari Denied July 30, 1991.

George M. Scarborough, Santa Fe, for plaintiff-appellant.

Gail Stewart, Gallagher, Casados & Mann, P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Judge.

Plaintiff appeals from a judgment on a jury verdict denying her claim for damages in a slip-and-fall case. The dispositive issue raised on appeal involves the question of whether the trial court erred in refusing to allow plaintiff's attorney to read a note submitted to the court from the jury during the jury's deliberations. For the reasons discussed herein, we reverse.

After the case had been submitted to the jury, the bailiff handed the judge a note from the jury. The note, apparently written by several different hands, read:

I am curious if order (E)

Have there been other falls under similar conditions i.e. not drunk or—too much twist at Reds?

How about insurance against such incidents?

Rubel Martinez

How do other similar businesses handle such cases?

Is it the law that one's property is responsible [for] any injuries incurred therein?

After receipt of this note, the trial court reviewed it, but refused plaintiff's request to be allowed to read the note. Without permitting either counsel to ascertain the contents of the note or an opportunity to participate in formulating a response to the questions posed, the trial court told the jury: "The jurors have submitted some questions to the Court. The questions that have been submitted have either been answered in evidence which was presented yesterday or are covered in the instructions on the law which are contained in the jury room."

Following the court's oral response to the jurors' questions, and after its deliberations, the jury returned a verdict for defendant. Prior to the entry of judgment on September 15, 1988, plaintiff filed a motion for a "mistrial," and asserted, among other things, that the court erred in responding to a note from the jury "which upon information and belief contained questions [which] the court responded to ... prior to allowing [the questions] to be reviewed and considered by counsel for the parties and then appeared to have distroyed [sic] the note * * *." On September 21, 1988, the trial court entered a judgment on the verdict and, thereafter, plaintiff's motion for a new trial was effectively denied by operation of law. *See* NMSA 1978, § 39–1–1. Plaintiff filed a timely appeal.

The trial court did not reveal the contents of the jurors' note until after this court issued its first calendar notice pro-

posing reversal. At that juncture the trial court wrote a letter to this court and enclosed a copy of the note that it had received from the jury. On appeal defendant's response to plaintiff's motion to supplement the record stated: "Defendant agrees that after trial, but before deliberations began, the bailiff gave a note to the judge. Defense counsel and Plaintiff's counsel were present in the courtroom. * * * In response to ... Plaintiff's motion, Defendant agrees that Plaintiff's counsel asked to see the note and his request was denied."

PRESERVATION

■ First, we consider defendant's contention that plaintiff failed to preserve as error her claim that the court wrongfully declined to permit counsel to read the note received by the court from the jury.

Under the record before us, we conclude that plaintiff's request to see the note sufficiently alerted the trial court to the action desired so as to effectively preserve this issue for appellate review. Plaintiff also filed a motion seeking a new trial, repeating her claim concerning this issue. The principal purpose of the rule requiring a party to preserve error in the trial court of issues sought to be asserted on appeal is to alert the mind of the trial judge to the claimed error and to accord the trial court an opportunity to correct the matter. *See El Paso Elec. Co. v. Real Estate Mart, Inc.,* 98 N.M. 570, 651 P.2d 105 (Ct.App. 1982); *see also* SCRA 1986, 1–046; 12–213(A)(3).

> Rule 1–046 provides in applicable part:
>
> Formal exceptions to rulings or orders of the court are unnecessary. *It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or* his objection to the action of the court and his grounds therefor; *and if a party has no opportunity to object to a ruling or order at the time it is made the absence of an objection does not thereafter prejudice him.* [Emphasis added.]

Here, the record indicates that plaintiff made a timely request to the court concerning "the action which he desire[d] the court

to take." *Id.* We think plaintiff's request complied with the requirement of Rule 1–046. Additionally, because plaintiff's request to be informed as to the contents of the note was denied, counsel had no opportunity to assess the adequacy or propriety of the trial court's response to the questions posed by the jury or to voice specific objections thereto. *See* SCRA 1986, 1–051(I) (reasonable opportunity should be afforded counsel to preserve objections to jury instructions); *Reimer v. Walker,* 170 Colo. 149, 459 P.2d 274 (1969) (en banc) (party who was not afforded an opportunity to object to an erroneous jury instruction given in response to a question from the jury is not precluded from raising the issue on appeal).

In her motion for "mistrial," plaintiff again raised the issue of the court's refusal to permit her to know the contents of the jury communication, citing *Amador v. Lara,* 93 N.M. 571, 603 P.2d 310 (Ct.App. 1979), and SCRA 1986, 11–107. Because this motion was filed after the jury had reached its verdict and within the time for filing such motion, we treat it as a motion for a new trial pursuant to SCRA 1986, 1–059. Under these circumstances, we determine that plaintiff properly alerted the court to her claim of error and that this issue was properly preserved for appellate review.

JURY COMMUNICATION

■ The right to a trial by jury is a fundamental precept. It is well settled that communications between a judge and jury are generally required to be made in open court in the presence of the parties or their counsel. *Amador v. Lara.* Implicit in such rule is the requirement that, absent a showing that the communication is harmless and did not affect the verdict, counsel for the parties should be informed as to the contents of communications received by the court from jurors bearing upon issues involved in the case. *Id.* Violations of this rule may improperly influence the jury's verdict. *See Hurst v. Citadel, Ltd.,* 111 N.M. 566, 807 P.2d 750 (Ct.App.1991); *Amador v. Lara; see generally* Annotation, *Propriety and Prejudicial Effect, in*

*Federal Civil Cases, of Communications Between Judge and Jury Made Out of Counsel's Presence and After Submission for Deliberation,* 32 A.L.R.Fed. 392 (1977).

We apply the same standard for evaluating claims of improper communication with the jury in civil cases as in criminal cases. *See Hurst v. Citadel, Ltd.; Amador v. Lara.* In *Hurst,* we said:

> A violation of the open court rule is presumptively prejudicial. However, we do not follow the rule that any unauthorized contact with the jury is per se prejudicial, automatically requiring a mistrial or reversal. Rather, as with extraneous prejudicial information, the presumption of prejudice is rebuttable. The party resisting the new trial must show that the communication was harmless and did not affect the verdict. [Citations omitted.]

*Id.,* 111 N.M. at 572, 807 P.2d at 756.

▮ Defendant contends that there was no violation of the open court rule because there was no "secret communication" between the judge and jury. Defendant points to the fact that plaintiff was not kept in the dark concerning the fact that the court had received a note from the jury or the response given by the court. Defendant asserts that under this posture there was no breach of the open court rule. Although it is true that plaintiff was made aware of the fact that the court had received a note from the jury and heard the trial court's reply to the jury's questions, she had no way of evaluating the adequacy or appropriateness of the court's responses without knowing the tenor or substance of the questions. Equally important, plaintiff was not afforded the opportunity of recommending suggestions for response to the jury inquiry.

Defendant seeks to distinguish *Amador* by arguing that in that case the court made a "substantive" comment on the evidence and that such evidence is lacking in the present case. The issue before us extends beyond the question of whether the trial court's actions and comments to the jury were "substantive," it also involves the issues of whether plaintiff was deprived of a meaningful opportunity to participate in the trial process and whether there is a substantial likelihood such actions may have in fact affected the verdict.

The trial court's statements to the jury in response to the note from the jury stated in part that "[t]he questions that have been submitted have either been answered in evidence * * * or are covered in the instructions." In fact, no testimony was presented concerning the question concerning insurance and the instructions given by the court did not cover this issue.[1]

In his brief defendant argues that "[p]laintiff has made absolutely no showing that this alleged error influenced the jury verdict." Defendant, not plaintiff, had the burden of showing that the communication was harmless and did not affect the verdict. As we stated in *Hurst:*

> As with any unauthorized communication, the presumption of prejudice that attaches to a violation of the open court rule is not always easily overcome. In the present case, defendant must essentially meet the same burden that is required to rebut the presumption of prejudice that attaches to extraneous prejudicial information.

*Id.,* 111 N.M. at 572, 807 P.2d at 756. Defendant, having failed to rebut the presumption of prejudice, we cannot say that the denial of plaintiff's request to read the note and participate in the formulation of an appropriate response was harmless or did not affect the verdict.

CONCLUSION

The judgment is reversed and the cause is remanded for a new trial. Plaintiff is awarded her costs on appeal.

IT IS SO ORDERED.

ALARID, C.J., and BIVINS, J., concur.

---

1. Instruction No. 10, given by the court, stated, however, that "[defendant] was not an insurer of the safety of [plaintiff] ...."