This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JIM R. HUNTER, Personal Representative of the Estate of Robert Ramsey, deceased,**

Plaintiff-Appellant,

v.                                                   **NO. 30,210**

**MARIO LA FRAGOLA and FIRST SAVINGS BANK,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Gary M. Jeffreys, District Judge**

Peter A. Keys
Silver City, NM

for Appellant

Martin, Lutz, Roggow & Eubanks, P.C.
James A. Roggow
Las Cruces, NM

for Appellees

### MEMORANDUM OPINION

**PER CURIAM.**

Seeking to recover money he alleged was withdrawn by two men from his bank account using an invalid or defective power of attorney, Plaintiff Robert Ramsey sued the two men, First Savings Bank, and the bank's branch president Mario La Fragola. The district court granted summary judgment in favor of the Bank and La Fragola (Defendants) and, in the alternative, ordered that his case against them be dismissed with prejudice under Rule 1-037 NMRA. Because we agree with the district court that Ramsey engaged in a pattern of "continuing failures . . . to comply with discovery and [o]rders of the [c]ourt[,]" we conclude that the district court did not abuse its discretion in dismissing the case pursuant to Rule 1-037. We need not and do not address the summary judgment aspect of the case.

Our rules of civil procedure allow for sanctions for failure to comply with discovery orders. *See* Rule 1-037(B)(2). Sanctions can vary in severity from orders precluding parties from establishing facts or pursuing claims or defenses, to contempt, dismissal, or default judgment. *See id.* We review a district court's decision to impose sanctions under Rule 1-037 for abuse of discretion. *Allred by Allred v. Bd. of Regents of the Univ. of N.M.*, 1997-NMCA-070, ¶ 17, 123 N.M. 545, 943 P.2d 579.

Despite this deferential standard of review, we look critically at sanctions of dismissal. Our Supreme Court has observed that sanctions "entailing the denial of an

opportunity for a hearing on the merits[] may only be imposed when the failure to comply is due to the willfulness, bad faith[,] or fault of the disobedient party." *United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 202, 629 P.2d 231, 278 (1980). Willfulness, in this context, includes "any conscious or intentional failure to comply[,] as distinguished from accidental or involuntary non-compliance." *Allred*, 1997-NMCA-070, ¶ 20 (quoting *United Nuclear*, 96 N.M. at 202, 629 P.2d at 278) (internal quotation marks omitted). Where the record is clear, the court need not make an explicit finding that the conduct was willful. *See id.* ¶ 28.

With these principles in mind, we turn to the discovery proceedings in this case. Defendants had difficulty obtaining discovery from Ramsey, and were forced to file two motions to compel and one motion to enforce discovery. In October 2009, after Ramsey continued not to comply, Defendants asked the district court to dismiss the case. Defendants noted that in addition to the history of noncompliance with rules and orders, it had been discovered that critical records had been omitted from the discovery that was provided. In dismissing the case, the district court observed

> It would do nothing but unduly lengthen this order to recite all of the shortcomings of [Ramsey] and [Ramsey's] counsel in the discovery stage of this proceeding. These shortcomings are only matched by . . . [Ramsey's] counsel['s] insistence that it is he and his client who are being persecuted in this matter by what appears to the court [to be] nothing more than a diligent defendant's desire to properly prepare a case for trial by requiring [Ramsey] to comply with the rules and the court's orders. The court has entered three orders in this matter

3

regarding motions to compel filed by the Defendants. [Ramsey] has not fully complied with those orders nor has he fully complied with the scheduling order entered in this matter. Some portion of the monetary sanctions also remain unpaid by [Ramsey].

The court awarded reasonable attorney fees and dismissed the matter with prejudice.

The district court did not abuse its discretion in applying the sanction of dismissal. The record is clear that Ramsey repeatedly disregarded discovery requests and related court orders. There is no indication that the failure to comply was involuntary. The district court took a measured approach, initially granting extensions, then monetary sanctions, then warning that dismissal would be warranted if Ramsey did not comply. Finally, it appeared that some of what Ramsey did provide was missing critical portions that were harmful to his case. Under these circumstances, we decline to disturb the district court's ruling.

Finally, the parties have each urged that we ignore their opponent's briefs for failure to comply with our Rules of Appellate Procedure. Defendants correctly note that Ramsey does not once cite to any portion of the six-volume, 1074-page record that supports his argument. *See* Rule 12-213(A)(3) (requiring briefs to contain a summary of proceedings which "shall contain citations to the record proper . . . supporting each factual representation"); *Santa Fe Exploration Co. v. Oil Conservation Comm'n*, 114 N.M. 103, 108, 835 P.2d 819, 824 (1992). In response,

Ramsey suggests that we should disregard the answer brief because it was submitted in twelve point font. Rule 12-305(C)(1) NMRA. Failure to follow our rules is not a new problem, *see Amador v. Lara*, 93 N.M. 571, 573, 603 P.2d 310, 312 (Ct. App. 1979), and we certainly would prefer that attorneys strive for at least the minimal level of professionalism of complying with our rules. However, these transgressions do not warrant the extreme remedies of dismissal or contempt. *See* Rule 12-312(D) NMRA; *Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977). In accordance with our rules and the wishes of the parties, we assess against counsel for Ramsey a fine of $250 and a fine of $100 against counsel for Defendants. *See* Rule 12-312(D).

For the foregoing reasons, we affirm the district court.

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**

5