This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39243**

**YVONNE GOTT,**

      Petitioner-Appellant,

v.

**ROBERT EDWARD GOTT,**

      Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sylvia LaMar, District Court Judge**

Hans Voss
Santa Fe, NM

for Appellant

The Elion Law Firm, P.C.
Gary D. Elion
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}**    Petitioner Yvonne Gott (Mother) appeals from the district court's order denying her motion to relocate from Santa Fe, New Mexico to Ramah, New Mexico with the parties' seven-year-old daughter (Child). At Mother's request, the district court ordered an advisory consultation and adopted the advisory consultant's recommendation to transfer primary physical custody of Child to Robert Edward Gott (Father), who planned to remain in Santa Fe if Mother moved to Ramah. If Mother chose instead to stay in Santa Fe, where Father and Mother had resided with Child for many years before and after their divorce, the district court order maintained the near-equal division of physical

custody between the parties. The district court order did not change the parents' joint legal custody of Child.

**{2}** Mother contends on appeal (1) the district court's failure to hold a hearing on Mother's written objections to the advisory consultant's recommendations denied Mother due process; and (2) the district court improperly delegated judicial authority to a therapist, a doctor, and the advisory consultant in its parenting order. Finding no error, we affirm.

## BACKGROUND

**{3}** This is a memorandum opinion. Because the parties are familiar with the particulars of the case, and this memorandum opinion is written solely for their benefit, and because we resolve this case based on failure to preserve the issues raised and inadequate briefing without reaching the merits of the issues raised, we do not review the complex procedural history of Mother's request to relocate to Ramah, which led to this appeal.[1]

## DISCUSSION

### I.      Mother Failed to Preserve Her Claim That She Was Denied Due Process

**{4}** "Due process claims are not exempt from the fundamental requirement of preservation." *Moody v. Stribling*, 1999-NMCA-094, ¶ 45, 127 N.M. 630, 985 P.2d 1210. Mother acknowledges that she failed to preserve this issue in the district court. She argues, however, that her failure to preserve is excused because she was "unaware that the court would not hold a hearing on [her] objections" before ruling and that she "had no procedural avenue to raise this due process issue to the court after the subject order was filed."

**{5}** We do not agree that Mother's due process claim satisfies any of the exceptions to preservation set forth in our Rules of Appellate Procedure. *See* Rule 12-321(A) NMRA. Rule 12-321(A) creates a narrow exception to the requirement of preservation for review when "a party has no opportunity to object to a ruling or order at the time it is made." *Id.* The circumstances here do not satisfy this requirement. Mother was informed by the district court before she prepared and filed her written objections to the advisory consultant's recommendations that written objections were likely to be her only opportunity to challenge the advisory consultant's recommendations. The notice, which accompanied the recommendations, stated clearly that a hearing on any objections made by the parties would be allowed only where the district court found such a hearing necessary to reach its decision. This notice gave Mother the opportunity to request a hearing and to explain to the court why, under the circumstances of this case, due process required such a hearing. *State ex rel. Child., Youth & Fams. Dep't v. Lorena R.*, 1999-NMCA-035, ¶ 17, 126 N.M. 670, 974 P.2d 164 ("[P]rocedural due process is a

---

[1]We note that although this procedural background is important to Mother's due process argument, her brief fails to provide this Court with this information.

flexible right and the amount of process due depends on the particular circumstances of each case."). Mother did not do so.

**{6}** After the district court entered its order, Mother again had an opportunity under the district court's Rules of Civil Procedure, Rule 1-059 NMRA, to file a motion to reconsider, requesting a hearing, and explaining why, in her view, a hearing was required to afford her due process. Mother filed a motion to reconsider, successfully requesting a hearing, when the district court previously ruled on her motion to relocate. Her failure to do so following this ruling, therefore, cannot be explained by a lack of opportunity to object, since she has demonstrated her knowledge of this procedure earlier.

**{7}** Preservation is not a mere formality—it allows the district court to correct any potential error, avoiding the need for appeal. *See Madrid v. Roybal*, 1991-NMCA-068, ¶ 7, 112 N.M. 354, 815 P.2d 650. Preservation ensures that the opposing party has an opportunity to meet and defend against the objection raised. *See State v. Bell*, 2015-NMCA-028, ¶ 2, 345 P.3d 342. Finally, preservation ensures that a sufficient record is created to allow this Court to review the district court's decision for error. *See Morga v. Fedex Ground Package Sys., Inc.*, 2018-NMCA-039, ¶ 39, 420 P.3d 586 (noting that one of the purposes of the preservation rule is "to create a record sufficient to allow this Court to make an informed decision regarding the contested issue").

**{8}** In this case, lack of preservation impairs our ability to evaluate whether the denial of a hearing substantially increased the probability of an erroneous ruling: one of the elements of a due process claim. *See Mills v. N.M. State Bd. of Psych. Exam'rs*, 1997-NMSC-028, ¶ 19, 123 N.M. 421, 941 P.2d 502 ("Procedural due process requirements are not static, and the extent of the hearing required is determined on a case by case basis. . . . by weighing: (1) the private interest that will be affected by the action; (2) the risk of an erroneous deprivation of such interest through the procedures used and the value of additional safeguards; and (3) the governmental interest in imposing the burdens of the procedure at issue." ).

**{9}** Because Mother was required to preserve her due process claim for review by this Court and did not do so, we will not address her due process argument on appeal. *See State v. Druktenis*, 2004-NMCA-032, ¶ 77, 135 N.M. 223, 86 P.3d 1050 ("[G]enerally, [we] will [not] address issues not preserved below and raised for the first time on appeal.").

## II.     Mother Has Failed to Support Her Improper Delegation Claim With a Developed Argument

**{10}** Mother next argues that four provisions of the district court's order improperly delegate judicial decision-making authority either to a professional or to the advisory consultant. The first challenged provision mandates that "[n]either parent terminate [the child's therapy] without the approval of the [a]dvisory [c]onsultant and/or the therapist." The second challenged provision authorizes the advisory consultant to select a new

therapist should Child's current therapist be unable to complete the necessary therapy. The third challenged provision restates the second provision. Finally, Mother challenges the provision requiring parents to consult Child's oncologist if there are concerns about her learning process and directing that parents follow the doctor's recommendations, including a "referral for a [n]europsychological exam."

**{11}** Mother acknowledges that these issues were not raised in the district court. She asks this Court to address them under the fundamental error exception to our preservation requirements. *See* Rule 12-321(A). Mother's argument on fundamental error consists of a list of authorities from other jurisdictions and the United States Supreme Court stating the general proposition that the relationship between a parent and child is a constitutionally protected liberty interest under the due process clause of the Fourteenth Amendment to the United States Constitution. *See* U.S. Const. amend. XIV, § 1.

**{12}** Although we agree that the parent-child relationship is constitutionally protected, this list of authorities fails to help us resolve the issue on appeal. Mother presents no argument explaining why she believes the district court's order requiring parents to follow the recommendations of professionals working with Child and vetted by the district court's advisory consultant invade parents' Fourteenth Amendment substantive due process rights. "While it is true that case law recognizes parents' fundamental constitutional right to raise their children, case law also establishes that parents' right to raise their children is not beyond regulation in the public interest." *Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 34, 458 P.3d 583 (alteration, internal quotation marks, and citation omitted). "New Mexico case law establishes that parents' rights are secondary to the best interests and welfare of the children." *Ridenour v. Ridenour*, 1995-NMCA-072, ¶ 10, 120 N.M. 352, 901 P.2d 770.

**{13}** The district court's order here was based on the best interests of the child. The provisions challenged did not terminate Mother's parental rights or remove the legal custody of Child she shared with Father. A minimally adequate argument on substantive due process requires an explanation, in the context of the facts and circumstances of this case, of why Mother believes the district court's authorization of a choice of a therapist or of an anticipated medical decision to professionals is entitled to the same substantive due process protections as a decision to terminate parental rights, take a child into state custody, or change legal custody. *See* Rule 12-318(A)(4) NMRA (requiring an argument applying the law to the facts in a brief on appeal).

**{14}** Mother provides a second list of out-of-state authorities holding that custody and visitation decisions must be made by a court and cannot be delegated to a professional. While citing many cases, Mother again offers no explanation for why she believes that the choice of a therapist for a child or a medical decision that a neuropsychological examination is necessary, which is not contested by parents, are entitled to the same substantive due process protections as a denial of visitation or custody. Nor does Mother explain whether or how her argument is supported by New Mexico precedent.

**{15}** We remind Mother that the New Mexico Rules of Appellate Procedure require that the parties adequately brief all appellate issues. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To present an issue on appeal for review, an appellant must submit argument and authority as required by rule." (alteration, internal quotation marks, and citation omitted)); *see also* Rule 12-318(A) (4) NMRA (requiring argument and authority in a brief). Only in a docketing statement do our rules authorize a list of authorities without accompanying argument applying the authorities to the facts and circumstances of the case. *See* Rule 12-208(D)(5) NMRA. In a brief on appeal, "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments[] that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. Absent any argument applying the relevant law to the particular facts and circumstances and explaining why the district court erred, we apply our presumption of correctness and affirm. *See State v. Oppenheimer & Co.*, 2019-NMCA-045, ¶ 8, 447 P.3d 1159. "It is of no benefit either to the parties or to future litigants for this Court to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Elane Photography, LLC*, 2013-NMSC-040, ¶ 70. The risk of error is simply too great. *See id.*

**CONCLUSION**

**{16}** For the foregoing reasons, we affirm the district court's judgment in all respects.

**{17}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**